# Brown v. Master.

*Action to Recover Damages for Malicious Prosecution of an Attachment Suit.*

1. *Malicious prosecution of attachment suit; inadmissable evidence.*—
In an action for malicious prosecution in suing out a writ of attach-
ment, evidence as to a conversation with an agent of the defendant,
(plaintiff in the attachment suit) who was not agent for the purpose
of suing out the attachment, but only for renting the premises in-
volved, disclosing facts material to the suing out ˙of the attachment,
but which interview was never communicated to the defendant, is
inadmissable.

2. *Same; question as to whether defendant acted on legal advice is one
for the jury* —In an action for malicious prosecution in suing out a
writ of attachment, the question as to whether or not the defendant
in suing out the attachment, acted in good faith upon the advice of
counsel, given upon a full and fair statement of the facts known to
the defendant, or which he ought to have known, is a question for
the jury to determine from all the evidence in the case, and is not a
question for the court.

· 3. *Same; charge of court to jury.*—In an action for malicious prose-
cution in suing out a writ of attachment, a charge is properly given
which instructs the jury that "if they believe from the evidence that
the attachment was sued out without probable cause, vexatiously as
well as wrongfully, the jury ought to find a verdict for plaintiff, and
will be authorized in giving her vindictive or punitive damages in
addition to actual damages;" such charge not requiring, but merely
authorizing the jury to award punitive damages.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This action was brought by the appellee, Margaret
Master, against the appellant, Annie Brown, on Novem-
ber 28, 1891; and sought to recover damages resulting
from the levy of an attachment made upon a stock of
goods owned by the plaintiff. The nature of the suit,
and the facts of the case are substantially the same as
they were on the former appeal, as contained in the re-
port of the case in 104 Alabama, 451.

The ruling of the court upon the evidence, which is

reviewed on the present appeal, is sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at the request of the plaintiff gave to the jury the following written charge:     (4.)     ''The court charges the jury that if they believe from the evidence that the attachment was sued out without probable cause, vexatiously as well as wrongfully, the jury ought to find a verdict for plaintiff, and will be authorized in giving her vindictive or punitive damages in addition to actual damages.'' To the giving of this charge the defendant duly excepted, and also separately excepted to the court's refusal to give each of the following written charges requested by her:     (20.)     ''Unless the jury believe from the evidence that Mrs. Brown did, under the attachment proceedings, knowingly, willfully, wrongfully and maliciously enter upon the plaintiff's possession of said store and mutilate and damage her stock of goods, and thereby damaged plaintiff's property, they can not find against the defendant under the second count of the complaint.''     (21.) ''The defendant asks the court to charge the jury that under the evidence they cannot find against the defendant upon the first count.''     (22.)     ''The defendant asks the court to charge the jury that under the evidence they can not find against the defendant under the second count.''

There were verdict and judgment for the plaintiff, assessing her damages at $750.     The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

E. L. RUSSELL and B. B. BOONE, for appellant.— 1.  The court erred in allowing the evidence of C. P. Blalack to go to the jury against the objections of appellant to its admission, and in overruling motions to exclude the same.   The direct purpose and effect of the evidence of Clarence P. Blalack was to discredit and impeach the witness of the appellant, James K. Glennon, by showing that said witness had made statements different from those testified to on the stand.   No sufficient, or any predicate, was laid to admit this evidence, and the action of the court was palpably erroneous.—1 Greenleaf on Evidence, (15th ed.),611, § 462 ; *Hester v. State*, 103 Ala. 88.

[Brown v. Master.]

2. The question of probable cause does not depend upon the question whether Margaret Master had fraudulently disposed of her stock of goods or was about to fraudulently dispose of them, or not, in point of fact, but the question was and is, were the facts and circumstances within the knowledge of Mrs. Brown, and upon which she acted, sufficient in themselves to raise a reasonable ground of belief in the mind of an ordinarily cautious and prudent person, acting conscientiously, impartially, reasonably and without prejudice; and did Mrs. Brown so believe that Margaret Master had fraudulently disposed of her stock of goods or was about to fraudulently dispose of the same.—*McLeod v. McLeod*, 73 Ala. 46; *Shaul v. Brown*, 28 Iowa 38. *Lunsford v. Dietrich*, 93 Ala. 565.

GREGORY L. & H. T. SMITH, *contra.*—1. The court did not err in the admission of the testimony of the witness Blalack, which was objected to.

Nor was there error in the court's giving at the request of the plaintiff the fourth written charge. This charge was drawn under the opinion of the Supreme Court rendered upon the former appeal in this case.—*Brown v. Master*, 104 Ala. 451; *Donnell v. Jones*, 13 Ala. 500; *Jackson v. Smith*, 75 Ala. 97.

HEAD, J.—The nature of this action appears in the report of a former appeal.—104 Ala. 451. The storehouse was leased to the plaintiff, Miss Master, by J. K. Glennon as agent of the defendant, Mrs. Brown. The plaintiff was permitted to give evidence, through witness, Clarence Blalack, that before the attachment was sued out, he, the witness, went with his father, R. P. Blalack, to see Mr. Glennon about his father obtaining a transfer of plaintiff's lease to himself for the remainder of her term, and that his father "wanted to get the lease for the balance of the year and twelve months afterwards, and it was satisfactory between him and Mr. Glennon when he left," and Mr. Glennon said it would be satisfactory to him. The undisputed evidence, shown by the cross examination of Glennon by the plaintiff, was that no such interview was ever communicated to the defendant. It is true Glennon testified that when Mrs. Brown came to see him he told her what information he

had, and how he got his knowledge of the goods being sold, or bargained for, and that they were to be sold in a lump, and the other things he had learned in reference to Miss Master. He stated he got his information from some of plaintiff's own relatives; but at the same time, on cross examination, his testimony was positive to the effect that no such interview occurred between him and R. P. Blalack as that testified by ClarenceBlalack,and consequently,that no such statement was communicated by him to the defendant. When the case was here before, we said the knowledge of Glennon, and his efforts to obtain information, not made known to the defendant before the attachment was sued out, were immaterial and irrelevant to the controversy. So far as the present question is concerned, the testimony of Glennon amounts to a specification of the information he communicated to defendant, and whether his or Clarence Blalack's testimony be accepted as true, there is yet nothing tending to show communication of the interview to defendant. The attachment was not sued out by Glennon for the defendant. She did it herself. He was not her agent for that purpose. True he gave her and her attorney certain information upon which they acted, but she is affected only by the information he gave, not by that he possessed but did not give. The court erred in admitting the testimony of Clarence Blalack.

Whether or not the defendant, in suing out the attachment, acted in good faith upon the advice of counsel given upon a full and fair statement to the counsel, of the facts known to the defendant, or which, by the exercise of reasonable diligence she ought to have known, was a question for the jury and not for the court.

Proof of the matter hypothesized in charge No. 20 requested by defendant, was not indispensable to a recovery by plaintiff, under the second count of the complaint. Independent of those facts a complete cause of action was alleged in the count, of which such facts were not descriptive or essential facts. The plaintiff was at liberty to prove the matter in question, in aggravation of damages.

There was no error in giving charge 4 requested by the plaintiff. It does not require the jury to give vindictive or punitive damages but merely authorizes it.

Whether such damages ought to have been given or not was within the sound discretion and sense of justice of the jury.

There was no error in the refusal of either of the charges requested by defendant.

Reversed and remanded.