# Wood v. Montgomery.

## Action for Use and Occupation of Land.

1. *Real estate belonging to partnership.*—When the title to real estate is conveyed to a partnership, although a court of equity will sometimes treat it as partnership assets, yet, at law, the several partners hold it as tenants in common.

2. *When tenant in common may maintain action for use and occupation.*—Where there has not been a joint letting of lands held by tenants in common, each tenant may maintain a separate action for his proportionate part of the amount due for the use and occupation.

3. *Sale of decedent's lands, under probate decree; conveyance to purchaser, without report of payment of purchase-money.*—When lands are sold by an executor, under a decree of the Probate Court, and the sale is reported and confirmed, and a conveyance is executed by the executor to the purchaser, reciting therein the payment of the purchase-money; the conveyance will not be held void, in an action brought by the purchaser against a stranger, because the payment of the purchase-money was not reported to the court, and an order obtained for the execution of the deed.

4. *Error without injury in charge to jury.*—When the bill of exceptions shows

[Wood v. Montgomery.]

that the plaintiff, on the trial below, proved a clear legal title in himself; entitling him to recovery, the judgment in his favor will not be reversed, because the court instructed the jury that an equitable title would support his action.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. LOUIS WYETH.

This action was brought by George W. Montgomery, against Edmund N. Wood, to recover for the use and occupation of a town lot in Blountsville, in which the plaintiff claimed an undivided half interest; and was commenced on the 28th June, 1875. The defendant pleaded, "in short by consent," 1st, the general issue; and, 2d, payment to Robert B. Montgomery, with an averment that he used and occupied the premises under a contract with said R. B. Montgomery, and that plaintiff and said R. B. Montgomery held them as partners; and issue was joined on both of these pleas. On the trial it appears, as the bill of exceptions shows, that the lot had belonged to one Locke Beeson, since deceased, and was sold by his executor, but at what time is not stated, under an order of the Probate Court; at which sale, the plaintiff became the purchaser; and the sale having been reported to the court, and confirmed by it, some time during the year 1859, the executor executed a conveyance of the land to G. W. & R. B. Montgomery as partners, reciting therein the payment of the purchase-money. In reference to this purchase and deed, the plaintiff testified, that he made the purchase in his own name, and afterwards agreed to let said R. B. Montgomery, who was his brother and partner, have a half interest in it; that he paid the purchase-money with funds belonging to the partnership, and took the conveyance in the name of G. W. & R. B. Montgomery after the dissolution of the partnership, but before the partnership accounts had been adjusted. The defendant objected to this evidence, " on the ground that it was illegal and irrelevant," and reserved an exception to the overruling of his objection.

The plaintiff offered in evidence the last will and testament of said Locke Beeson, and its probate; the executor's application for the sale of the lands; the order of sale; the executor's report of the sale, in which it appeared that the plaintiff was the purchaser; the order of the court confirming the sale, and the executor's deed to G. W. & R. B. Montgomery. None of these papers are set out in the record; but the bill of exceptions recites, that the will conferred no power of sale on the executor, and that the executor had never reported the payment of the purchase-money to the court, nor had the court ordered him to make a conveyance to the purchaser. "After this evidence had all gone to the

[Wood v. Montgomery.]

jury, the defendant moved the court to exclude it, because the purchase-money had never been reported paid, and the said Probate Court had never ordered the executor to make a conveyance of said land, and the legal title to said lot was still outstanding in the heirs or devisees of said Locke Beeson, deceased." The court overruled the objection, and the defendant excepted.

"The plaintiff testified, also, that said firm went into the possession of said lot under said purchase, and remained in possession thereof until the dissolution of said firm, which took place some time during the year 1862; that he then went out of possession, and said R. B. Montgomery remained in the possession, under a verbal agreement to pay him $75 *per annum* for one-half of the rent; that said R. B. Montgomery remained in possession of the same, or a portion of said lot, until his death in March, 1874; that the defendant went into the possession of the store-house on the lot about the 10th August, 1872, and remained in possession until May, 1874; that he notified the defendant, before he entered on the premises, that he owned one-half the lot, and that his half of the rent must be paid to him, and to no other person; and that one-half the rent was worth $75 *per annum*." The defendant testified, as a witness for himself, "that said notice was given him by plaintiff in January, 1872; that he afterwards rented and occupied another house for several months, during which time the store-house on said lot was occupied by said R. B. Montgomery and one Gilmer, as mercantile partners; that on the 10th October, 1872, he bought out their stock of goods, and rented the store-room and counting-room from said R. B. Montgomery, for $75 *per annum*, and went into possession under said contract, and not otherwise; that said R. B. Montgomery, after the expiration of one year, retained the use of the counting room, and defendant was to pay $60 *per annum* for the store-room alone; and that he paid the agreed rent of said premises, as stipulated, to said R. B. Montgomery before the commencement of this suit."

"The foregoing being the substance of all the evidence adduced, the court charged the jury, of its own motion, as follows: 'If the jury believe, from the evidence, that the plaintiff, before and during the period described in the complaint, had a half interest in the lot therein described, with R. B. Montgomery, it does not matter whether he was joint tenant, tenant in common, or part owner thereof, nor whether he held such interest by a legal or an equitable title; and if plaintiff gave the defendant notice, prior to August, or October 1872, to pay his part of the rent of the store-room on

[Wood v. Montgomery.]

the lot to him, and not to pay the same to any one else, if he occupied said store-room ; and that defendant, after receiving this notice, did occupy the said store-room,—then the plaintiff was entitled to recover one-half of the reasonable value of the use and occupation of said store-room, during the time defendant occupied the same, with interest from the time the same became due.  That, if the jury beleived, from the evidence, that the lot was bid off by the plaintiff alone, at the sale of the lands of Locke Beeson, deceased, and was afterwards paid for by said late firm of G. W. & R. B. Montgomery ; then the plaintiff had an equitable title to a one-half interest in said lot, and could recover in this action on that equitable title."  These charges, to which the defendant excepted, are now assigned as error, with the rulings of the court on the evidence, as above stated.

C. F. HAMILL, for appellant, cited *Bonner v. Greenlee's Heirs*, 6 Ala. 411 ; *Lightfoot v. Lewis*, 1 Ala. 475 ; 1 Brickell's Digest, 335, § 3 ; *Gunter v. Leckey*, 30 Ala. 591.

JOHN W. INZER, *contra.*

STONE, J.—While a title to real estate, made to a partnership, will, in some circumstances, be treated as partnership assets in a court of equity, in a court of law the members of the partnership hold such real estate only as tenants in common.—*Henry v. Parmer*, at last term ; 2 Brick. Dig. 303, § 55 ; *Lang v. Waring*, 25 Ala. 625.

2. In cases where there has not been a joint letting of lands held by tenants in common, either tenant may maintain a separate action for his proportion of the sum due for use and occupation, or for a trespass or wrong done to the freehold or possession.—2 Brick. Dig. 340, §§ 165, 168, 169 ; 1 Chitty's Pl. 65, 191.

3. The land, or lot, for the occupation of which the present action was brought, was purchased at executor's sale, made under an order of the Probate Court.  The sale was reported by the executor to the Probate Court, and the sale confirmed.  The sale was on credit.  Subsequently the executor made conveyance of title to G. W. & R. B. Montgomery, reciting in the deed that the purchase-money had been paid.  It is contended for appellant, that, inasmuch as there was no report made that the purchase-money had been paid, and no order of the Probate Court, directing title to be made, the executor's deed did not vest title in the purchasers, but left it in the heirs.  We think this argument unsound.  Should a conveyance be made when the purchase-

money has not been paid, we will not say those interested in the estate, as distributees or creditors, could not, if need be, have redress. That is not this case. Here, a stranger, having no visible interest in the estate, seeks, in a collateral proceeding, to defeat the operation of the deed. Not because the purchase-money had not been paid. That is neither proved nor averred. The recital in the deed admits payment, and thus estops the executor to deny it. The sole ground is, that the executor had not reported that fact to the court, and obtained an order to make title, before he executed the deed. While we admit this was an irregularity, it does not avoid the conveyance.

4. Under these views, it was the duty of the Circuit Court to instruct the jury, that plaintiff had shown a legal title to the lot in himself, as tenant in common with the heirs of R. B. Montgomery. The charge of the court, that an equitable title in plaintiff would support his action, whether right or wrong, could not possibly have injured the defendant.

The judgment of the Circuit Court is affirmed.