# Watson *v.* Cain.

## *Malicious Prosecution.*

(Decided Jan. 18, 1911.   54 South. 610.)

1. *Malicious Prosecution; Probable Cause.*—Honest belief in the guilt of accused without a predicate of rational ground therefore, cannot be considered, since to escape liability, one sued for malicious prosecution must show his belief in the guilt of accused, and his knowledge of facts reasonably warranting the belief that the accused was guilty.

2. *Same; Complaint; Variance.*—Where the complaint alleges that the prosecution was ended and the plaintiff discharged, the allegation that the charge had been judicially investigated is surplusage, and constitutes no variance with evidence showing that the prosecution had been nol prossed.

3. *Appeal and Error; Assignment; Sufficiency.*—The formality of a summons and complaint in assigning errors is wholly unnecessary, and hence, it is sufficient in assigning errors to the giving and refusal of charges to simply write the assignment in each instance upon the transcript without stating the name of all the parties.

4. *Same.*—In order to assign errors predicated on the giving or refusing of written charges an exception to the judgment rendered need not be included.

5. *Same; Review; Questions Raised in Lower Court.*—Where no objection to an alleged variance was taken in the trial court, the question of variance will not be considered on appeal.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. Speake.

Action by Robert H. Watson against James F. Cain. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The following are the charges refused to the plaintiff:

(1) "Information received from third party, if not believed, is not sufficient predicate upon which to commence a prosecution against another."

(4) "If you believe that the defendant, Cain, caused or instigated the prosecution against the plaintiff, and that he did not at the time believe the plaintiff guilty of the offense with which he was charged, then the said Cain did not have probable cause for the commencement of the prosecution."

The following charges were given at the instance of the defendant:

(1) "The court charges the jury that in the event you arrive at the conclusion, after full consideration of the evidence, that the defendant caused the plaintiff to be arrested, as charged in the complaint, on a charge of robbery, that said charge has been judicially investigated, and said plaintiff dscharged, and said prosecution ended, and you are further reasonably satisfied from the evidence that the defendant was in possession of such facts and circumstances sufficiently strong in themselves to create reasonable suspicions, and to warrant a cautious man in the belief that said Watson was guilty of the offense, then you should find the issue in favor of the defendant."

(10) "In determining whether defendant Cain had probable cause for causing plaintiff, Watson, to be arrested and imprisoned (if defendant did do this), I charge you that Cain's belief in the guilt or innocence of Watson on the charge of robbery cannot be considered by you, if defendant at that time was informed of facts which would have justified a reasonable and cautious

man in believing that plaintiff, Watson, was guilty of robbery, then I charge you this would constitute probable cause."

(13) "If, from the facts and the evidence, you find that they were sufficiently strong as to create a reasonable ground of suspicion that plaintiff was guilty of the offense of robbery, and sufficiently strong to warrant a cautious man in the belief that plaintiff was guilty of that offense, and that these facts were known or made known to the defendant, and that because of this knowledge or information (if such was a fact) defendant did what he was charged in the complaint filed in this cause that he did, then, if you find this to be true, your verdict should be for the defendant."

(15) "The court charges the jury that although you are reasonably satisfied from the evidence in the case that the defendant maliciously instigated the prosecutions against the plaintiff, and you are further reasonably satisfied that defendant was in possession of facts and circumstances sufficiently strong in themselves to create reasonable grounds of suspicion, and to warrant a cautious man in the belief that Watson was guilty of the offense of robbery, then this would constitute probable cause, as hereinabove defined by the court, the court charges you that you cannot consider the belief or nonbelief of the defendant in the guilt or innocence of said Watson."

CALLAHAN & HARRIS, for appellant. Assignments of error 1, 2, 3, 4, 5 and 6 present the one question necessary for consideration, and that is whether or not to constitute probable cause on the part of appellee as a defense to this action, it was necessary for Cain to have believed the facts which tended to implicate Watson in the robbery. Our contention is that it was neces-

sary for him to have believed and known a state of fact that was calculated to produce in the mind of a cautious and prudent man a reasonable belief in the guilt of Watson.—*Steed v. Knowles,* 79 Ala. 446; *McLeod v. McLeod* 75 Ala. 486; *Southern C. & F. Co. v. Adams,* 131 Ala. 147, and the authorities cited in the above cases. For the decision of the proposition in other jurisdictions we call attention to the following—27 Am. St. Rep. 174; 14 Am. St. Rep. 322; 66 N. Y. 525; 1 Cooley on Torts, 327; 64 L. R. A. 688; 96 Pac. 117; 112 N. W. 1105. On these authorities, it is insisted that the court erred in refusing plaintiff's requested charges, and in giving charges 16 and 23 requested by the defendant.

KYLE & HUTSON, for appellee. The assignments of error are not proper since the name of none of the parties are given.—*Hutts v. Martin,* 141 Ind. 701; *Big Four v. Allcot,* 146 Ind. 176; 3 Cent. Dig. sec. 2992; 2 Cyc. 986, and note. The assignment is insufficient, because the judgment rendered is not assigned. There was a variance in that it was alleged that the cause had been judicially investigated while the proof showed that the prosecution had been nol prossed.—*Southern C. & F. Co. v. Adams,* 131 Ala. 155; *State v. Bracken,* 37 South. 863; 29 Cyc. 1053. For the definition of "judicially ascertained," see.—41 Neb. 175; 27 L. R. A. 854; 23 Cyc. 1619; 55 Neb. 93; 23 N. Y. Supp. 622. There was a variance, therefore, and it was fatal.—*Glass v. Meyer,* 124 Ala. 332; *Thompson v. Richardson,* 96 Ala. 488; *Pryor v. L. & N.* 90 Ala. 35. The charges given were proper.— *Lunsford v. Deitrich,* 93 Ala. 570; *Ramsey v. Arrott,* 64 Tex. 320.

SOMERVILLE, J.—This is an action of malicious prosecution, based upon a complaint which follows in

its general averments the form prescribed by the Code. The bill of exceptions shows that some of the evidence introduced at the trial in the court below tended to show an absence of belief in the guilt of the plaintiff on the part of the defendant at the time he instigated the prosecution complained of.

The assignments of error are predicated upon the refusal of the trial court to give charges 1 and 4 at the request of the plaintiff, and the giving of charges 1, 10, 13, and 15 at the request of the defendant. The single vital question presented for our determination is whether or not the criminal prosecution here complained of was founded upon probable cause, if the prosecutor did not at the time of its institution believe in the guilt of the defendant, although he was informed, or had knowledge, of facts sufficient in themselves to warrant a reasonable man in the belief that the accused was guilty. The rulings of the court complained of by the appellant withdrew from the jury any consideration of this feature, and instructed them that the prosecutor's knowledge of such facts, without any belief on his part in the guilt of the accused, would require a verdict at their hands for the defendant.

There can be no doubt but that, as respects these charges, the action of the trial court was erroneous. The necessity of the prosecutor's belief in the guilt of the accused, in addition to his knowledge of facts which may reasonably warrant such belief, has been too often asserted by this court to be now a subject of controversy. —*McLeod v. McLeod,* 75 Ala. 484, 486; *Steed v. Knowles,* 79 Ala. 446; *Southern Car & Foundry Co. v. Adams* 131 Ala. 147, 32 South. 503; *Sloss-Sheffield Co. v. O'Neal,* 169 Ala. 52 South. 953. Indeed, the principle is a fundamental one, and of universal recognition.—1 Hilliard on Torts, 474; 1 Cooley on Torts (3d Ed.) 327, 328; 1

Jag. on Torts, 616; 1 Street's Foundations of Legal Liability, 330; 26 Cyc. 29, 30; 2 Addison on Torts (Wood's Ed.) § 854.

In its rulings upon this question the trial court was no doubt misled by an expression found in the opinion of T. N. McClellan, J., in the case of *Lunsford v. Dietrich,* 93 Ala. 565, 9 South. 308, 30 Am. St. Rep. 79. In discussing two charges refused by the trial court, one of which charges asserted that the mere honest belief that the accused was guilty was in itself a complete defense, and the other that there was probable cause if the prosecutor honestly believed in the guilt, it was there said: "And in deciding upon its existence (i. e., probable cause) the prosecutor's belief in the guilt or innocence of the party cannot be considered." Standing apart from its context, and without any reference to the facts and questions to which the remark was applied, the language quoted might be of ambiguous import. But the court was simply stating, as the language next following shows, that the honest belief of the prosecutor, without the predicate of rational grounds therefor, could not be considered; and this for the obvious reason that, thus presented, such belief was immaterial.

It is insisted for the appellee that the assignments of error are formally defective in not stating the names of all the parties. This claim is not supported by the record, and in any event, under the simple practice prevailing in this court, it is sufficient to write the assignments upon the transcript, and the formalities of a summons and complaint are wholly unnecessary. Nor is it necessary, as suggested, that such assignments as these should include an exception to the judgment rendered below.

It is also insisted for the appellee, that, even if the trial court erred as shown, it was error without injury

to the appellant, because of a variance between the allegations of the complaint and the proof; the complaint containing the statutory averment that the charge of robbery had been "judically investigtad," and the proof being that the only judicial action thereon was the entry of a nolle prosequi, by which the prosecution was ended. A judicial investigation is, of course, the usual sequel to a criminal proceeding, and the inclusion of this allegation in the Code form of complaint was no doubt intended merely as an adaptation of the form to the most usual state of the case. As held in *So. Car & Foundry Co. v. Adams,* 131 Ala. 147, 32 South. 503, such an allegation is not necessary to the statement of a cause of action. The complaint in the present case alleges that the "prosecution was ended and plaintiff discharged." This being the case, the fact of previous judicial investigation becomes wholly irrelevant as far as this aspect of the case is concerned. The allegation of such a fact is mere surplusage, because it does not describe anything that is material to the plaintiff's right to maintain his action, nor does it limit the quo modo of the termination of the prosecution.—*Gilmer v. Wallace,* 75 Ala. 220, 222; *Peck v. Ashurst,* 108 Ala. 429, 438, 19 South. 781. Hence the doctrine of variance has no application. Moreover, the theory of variance can have no standing here, even if it were otherwise meritorious, since it does not appear that objection was made in the court below to the alleged variant proof, nor that any charge was requested or given thereon.—*Peck v. Ashurst,* 108 Ala. 429, 439, 19 South. 781.

In what we have said above, we are not to be understood as indorsing the view that "judicially investigated," as used in the Code form of complaint, necessarily imports a trial on the merits, followed by a judgment of acquittal. As to this we now express no opinion.

[Chambers v. Lindsey.]

For the errors above pointed out, the judgment must be reversed.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.