# Southern Railway Co. v. Hayes.

Trespass to Realty.

(Decided November 16, 1916.   Rehearing denied January 17, 1917.
73 South. 945.)

1. **Charge of Court; Misleading.**—Copies of excerpts from an opinion rendered on a formal appeal in the same action may be properly refused when requested as written charges, as such charges may be misleading or may give undue prominence to particular phases of the evidence although correct when incorporated as a part of an opinion.

2. **Same; Assumption of Fact.**—Where there was no dispute as to the entry upon the land by the agents of the railroad company, charges assuming the commission of the trespass and authorizing verdict for the plaintiff on proof of title to the property were not erroneous as assuming facts.

3. **Damages; Measure; Jury Question.**—While the recovery and amount of punitive damages rests in the discretion of the jury, the rule is otherwise as to actual damages, as in the latter case the jury is to be governed by the evidence.

4. **Same.**—Where the evidence as to the actual damages was conflicting the question as to the amount is for the determination of the jury.

5. **Ejectment; Death of Plaintiff.**—In an action by several plaintiffs in ejectment, or in the nature thereof, the action does not abate on the death of one of the plaintiffs, but may be revived on suggestion of death or proceed in the name of the survivor.

6. **Partnership; Action by; Death; Abatement.**—The death of one of the partners plaintiff to an action does not abate the action.

7. **Descent and Distribution; Right of Heir; Administration.**—On the death intestate of one seized of a heritable estate in land title descends immediately and vests in an heir with all the rights of ownership, subject to the exercise by the administrator of the statutory powers with which he is clothed for administration, and until such right is exercised by the administrator, the right of the heir remains unimpaired.

8. **Same.**—The heir may maintain an action at law for trespass to land descended to him, although the administrator, prior to the commission of the trespass, obtained an order to sell the land for the payment of debts, where the administrator had never made the sale or otherwise exercised any of his statutory powers and had resigned his administration.

9. **Tenancy in Common; Rights of Tenant; Actions.**—In an action for trespass for injury to the common property tenants in common must join; the injury being single and incapable of being split into as many actions as there are tenants.

10. **Abatement and Revival; Survivorship; Death.**—An action in trespass against a railroad company for damages for entering on the land of the plaintiffs is not abated by reason of the death of two of the plaintiffs after action was begun, the question at issue being the title to the property; while

section 2497, Code 1907, declares that real actions to try the title or for the recovery of the possession of land, survive in favor of heirs, devisees, and personal representatives, the defendant is not interested in the right of personal representatives, etc., as only one recovery can be had against it.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Fannie Hayes and others against the Southern Railway Company for damages for trespasses to land. Judgment for plaintiffs and defendant appeals. Affirmed.

Transferred from Court of Appeals under Acts 1911, p. 450.

WERT & LYNNE, for appellant. O. KYLE and E. W. GODBEY, for appellee.

MAYFIELD, J.—Most of the questions of law raised on this appeal and which are material were decided on the former appeal, a report of which may be found in 183 Ala. 465, 62 South. 874. We are not shown any sufficient reason for departing from the holdings on the other appeal, that punitive damages are recoverable in this class of actions, and that under the pleadings and proof the question was one for the jury and not for the court; hence we hold that there was no error in refusing the various instructions requested by defendant, which sought to preclude a recovery of such damages, nor in any of the rulings of the court as to such damages.

(1) The appellant insists that the trial court erred in refusing certain charges requested by it, which were practically copied from the opinion of this court on the former appeal. Conceding that the charges were copied literally from the opinion, it does not necessarily follow that it was error to refuse them on another trial, even though the evidence were the same, and the opinion so copied from not erroneous. As to charges so copied, this court has repeatedly said that judges, in writing opinions, and authors, in writing legal text-books, often use language which would not be proper in a written requested charge or instruction to the jury. Such charges may be misleading or argumentative, or may have the effect to give undue prominence to certain phases or parts of the evidence; and such would have been the effect, in this case, to have given the defendant's requested charges which were practically copied from parts of the opinion on the former appeal.

(2) The trial court, at the request of plaintiffs, gave to the jury several instructions which would have been erroneous, but for the fact that there was no dispute that the agents and servants of defendant had entered upon, and graded down, the strip of land in question; there being no dispute in this particular, the charges were not erroneous in failing to hypothesize the facts necessary to show an entry upon, and damages to, the property, if it was found to be the property of plaintiffs, and that the defendant had no right to enter thereon for the purpose of grading the land in question, and there was no contention that defendant had or claimed any right other than that of owner. That is, there was no claim that the entry was not wrongful if the land in question was that of plaintiffs', and not that of defendant's. Some of these charges were as follows:

"2. If you find that Fannie Hayes and the other plaintiffs had held the lot since 1888, claiming the land inside the fence on said lot as theirs, and you find that said holding by plaintiffs was open, visible, continuous, exclusive, and adverse to everybody else, and that said holding under said claim had been for ten years, then, if this be true, your verdict should be for the plaintiffs."

"5. The court charges the jury that if the property that was entered belonged to plaintiffs, they are entitled to recover actual damages, if the jury believe the evidence, and they are entitled to recover interest on said actual damages, at 8 per cent. per annum, from September 5, 1906, until this date, but not more, in all, than $1,990."

(3) These charges hypothesized the only disputed questions of fact, and if these questions were found as stated by the jury, then of course the plaintiffs were entitled to recover, and to recover all the damages stated in the charges. Those which authorized the recovery of punitive damages were not erroneous in this respect, as held on the former appeal, and as we have said above in this opinion. Such damages, both as to the right of recovery and the amount, are usually questions resting in the discretion of the jury under proper instructions by the court. As to actual damages that is, the amount thereof—the jury, of course, have no discretion, but must be controlled exclusively by the evidence. We find no error in this respect.

As to actual damages, it is of course error for the court to instruct the jury that the amount thereof is left to, or rests in,

their discretion otherwise than may be shown by the evidence.

There are some kinds of actual damages, such as physical pain, and mental anguish, which are not susceptible of any exact standard of measurement, either by proof or by the law. As to such, of course, the jury or the trier of facts must fix the amount, but in so doing they must be controlled by the evidence before them; they cannot arbitrarily fix the amount otherwise than authorized by the evidence. Juries have no right to award actual damages arbitrarily, with no limits except their ideas of benevolence or charity—standards which can be invoked, of course, only at the expense of the pockets of the litigant. They must in all cases be guided and controlled by the law and the evidence, as to the particular case in hand.

(4) We find no error in this respect, however, of which appellant can complain. The verdict of course seems large, as being warranted by some of the evidence, which was to the effect that there were no actual damages, though conceding the right of plaintiffs to recover nominal damages. There was, however, ample evidence to support the verdict, if the jury believed it rather than that warranting a verdict for nominal damages only. Which phase of the evidence should be believed, or was true, was a question of fact for the jury, and not one for the trial court or for this court; and we do not feel that there was such a great weight of evidence in favor of the defendant, as against that in favor of plaintiffs, as to justify the trial court or this court in setting aside the verdict because excessive.

(5) There is nothing in the contention that the action abated on the death of two of the plaintiffs after suit begun, and before the last trial; and that it should have been revived in the names of the personal representatives instead of in the names of the heirs of those so dying. An action by several plaintiffs in ejectment, or an action in the nature thereof, does not abate on the death of one of the plaintiffs. It may be revived or, upon the suggestion of the death, proceed in the name of the surviving plaintiff.—*Burrows v. Pickens,* 129 Ala. 648, 29 South. 694; *Insurance Co. v. Moog,* 81 Ala. 335, 1 South. 108; 2 Mayf. Dig. 8.

(6) The death of one of the partners, plaintiffs to a suit, does not abate the action.—*Insurance Co. v. Moog, supra; Davis v. Davis,* 93 Ala. 177, 9 South. 736; 2 Mayf. Dig. 8.

(7) On the death intestate of a person seized of a heritable estate in lands, the title descends eo instanti and vests in the

heirs, and with it all the common-law rights and incidents of ownership, subject to the exercise by the administrator of the statutory powers with which he is clothed for the purpose of administration; and until these statutory powers are effectively asserted by the administrator, the title and rights of the heirs remain unimpaired and unaffected.—*Calhoun v. Fletcher,* 63 Ala. 574; 4 Mayf. Dig. 961.

(8) The heir may maintain an action at law for trespass on lands descended to him, although the administrator had, prior to the commission of the trespass, obtained an order to sell them for the payment of debts, but had never sold them under the order, nor otherwise exercised any of his statutory powers over them, and had resigned his administration before the commencement of the action.—Id.

(9) In trespass for an injury to the common property, tenants in common must join; the injury is single, and is incapable of being split up into as many separate actions as there may be tenants.—*Pruitt v. Ellington,* 59 Ala. 454; 4 Mayf. Dig. 961. But in *Wood v. Montgomery,* 60 Ala. 500, it is said: "Where there has not been a joint letting of lands held by tenants in common, either tenant may maintain a separate action for his proportion of the sum due for use and occupation, or for a trespass or wrong done to the freehold or possession."

(10) It is very true, as was said by STONE, C. J., in *Marcy v. Howard,* 91 Ala. 137, 8 South. 567, that: "Damage to real estate, or rather the right to recover compensation therefor, is personalty, and does not descend to the heir, but to the personal representative, in countries where the common law prevails.— *In re. State, ex rel. Nabors,* 7 Ala. 459; *Jordan v. Abercrombie,* 15 Ala. 580."

Here, however, the action had been brought before the death of any plaintiff, not before that of the sole plaintiff; hence the whole action did not abate on account of the deaths of a part only of the plaintiffs. It is not here a question of the survival or the revival of a cause of action, but of the survival and revival of an action already brought. The survival of causes of action is largely controlled by the common law; while the revival of actions is largely, if not exclusively, controlled by statute. The revival of an action already brought, such as the one in question, is controlled by section 2497 of the Code, which is as follows: "Real actions to try the title, or for the recovery of the posses-

sion of lands, and actions for injuries to lands, survive in favor of heirs, devisees, or personal representatives, and against heirs, devisees, tenants, or personal representatives, according to their respective rights; and the court must direct the record and judgment to be so framed as to secure their rights and declare their respective interests."

It is possible the personal representative, when appointed, may have some interest in the judgment when recovered, but the whole action did not abate, nor was it prevented from proceeding to judgment. The interest of the estate can yet be protected, if necessary; and as to this the defendant is not interested, so long as there can be no other recovery against it as for this trespass.

There was no error in allowing the judgment to be amended as to the proper date of its rendition.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.