(112 So. 418)

**TORIAN v. ASHFORD.** (8 Div. 832.)

Supreme Court of Alabama. March 24, 1927.

Rehearing Denied. April 21, 1927.

**1. Malicious prosecution ⚵⟿18(2)—Peaceable presence of son at father's house, where father's corpse lay, furnished no probable cause for arrest for trespass after warning.**

The peaceable presence of son at his father's house, where latter's corpse lay, after niece, claiming possession by oral direction of deceased, had ordered him to leave, furnished no probable cause, aside from advice of counsel, for his arrest for the trespass after warning.

**2. Malicious prosecution ⚵⟿21(2)—Advice of counsel is no defense, unless it is honestly sought and acted on in good faith.**

Advice of counsel is not equivalent of probable cause and is not complete defense to action for malicious prosecution, unless it is honestly sought and acted on in good faith.

**3. Malicious prosecution ⚵⟿72(3)—Refusing instruction that advice of counsel, simply as excuse to procure arrest, was no defense held prejudicial error.**

In suit for malicious prosecution, refusal of instruction that if defendant made disclosures to counsel and obtained advice simply as subterfuge for having excuse to procure plaintiff's arrest, that advice of counsel was no defense *held* prejudicial error.

**4. Trial ⚵⟿242—Refusal of correct propositions of law, which, as framed, might have misled jury as to point intended to be emphasized, held not error.**

In action for malicious prosecution, refusing instructions that law does not require plaintiff to satisfy jury of any point or fact in case, and that, if jury believed evidence, defendant was not in possession of property on day plaintiff was arrested, which, although correct propositions of law, might have misled jury as to point intended to be emphasized, viz., measure of proof and not fact of proof, *held* not error.

**5. Malicious prosecution ⚵⟿20—To constitute "probable cause," facts must actually induce belief of accused's guilt in mind of prosecutor.**

In order to constitute "probable cause" as defense in action of malicious prosecution, not only must facts known to prosecutor be sufficient to induce reasonable men to believe in guilt of accused, but they must actually induce such a belief in prosecutor's mind.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Probable Cause (In Malicious Prosecution).]

**6. Malicious prosecution ⚵⟿72(2)—Instruction, that if facts would induce reasonable person to believe in guilt of accused he could not recover, held reversible error.**

In action for malicious prosecution, instruction, that, where defendant, although unable to show facts sufficient to establish truth of accusation preferred against plaintiff, is nevertheless able to show facts which would induce in mind of reasonably prudent person belief of plaintiff's guilt, plaintiff cannot recover, *held* reversible error.

**7. Appeal and error ⚵⟿216(2)—Instruction requiring stated elements of tort to be "established" by plaintiff held not prejudicial error, where plaintiff did not request explanatory charge; "establish."**

Instruction requiring stated elements of tort to be established by plaintiff, although word "establish," meaning to fix firmly or immovably, to put beyond doubt or dispute, was inapt if used to state measure or degree of proof required, *held* not prejudicial error, where objector did not ask for explanatory charge.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Establish.]

On Rehearing.

**8. Malicious prosecution ⚵⟿58(1) — Evidence regarding plaintiff's social neglect of father held inadmissible in action for malicious prosecution on charge of trespass on deceased father's premises.**

In action for malicious prosecution of plaintiff for trespass, after warning, upon his deceased father's premises, admitting evidence on plaintiff's cross-examination as to plaintiff's social neglect of his father before his death, a fact wholly irrelevant to issues, *held* prejudicial error.

**9. Trial ⚵⟿228(1)—Statements of law in judicial opinions are not always proper for instructions in other cases.**

Statements of law, found in judicial opinions, are not always proper for instructions to be given to juries in other cases.

Appeal from Circuit Court, Lawrence County; James E. Horton, Judge.

Action by S. T. Torian against Mrs. Lucy Ashford. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The action is for a malicious prosecution. The following facts are undisputed: S. T. Torian, Sr., died at his home, in Courtland, on February 24, 1924, leaving two children surviving—the plaintiff, S. T. Torian, Jr., living in Courtland, and a daughter living in Denver, Colo. He was ill for about two weeks before his death, being very old and nearly helpless, and during that time

the defendant, Mrs. Ashford, who was his niece, waited on him and looked after his wants; spending most of the day at his home, and being there when he died.

Plaintiff's account of his prosecution and arrest is substantially as follows: When he heard his father was dead, he went to the house, and as he went in he took the key from the front door, and then from other doors. When defendant saw him, she told him she had possession, and he would have to get out. He asked her to show him her authority, and said if she did not he would take possession himself, and she could get out. He then sat down and was talking to his wife in a low tone, and defendant came and told him he would have to leave, and if he did not she would have him arrested. In a short while an officer came with a warrant, and read it to plaintiff, and arrested him, and took·him off the premises.

The defendant's testimony was substantially as follows: Her uncle, the deceased, told her several times during his last illness, that he wanted her "to keep possession of the place" until his daughter could arrive from Denver, and that if his son (the plaintiff) came there, to keep possession of the place. When plaintiff came in she was getting out funeral clothes for the deceased, and plaintiff said:

" 'I have possession here now, Mrs. Ashford, you have had it long enough. * * * I have the keys in my pocket, and you nor nobody else can get them.' He then walked out into the hall, and that is all that he said. After all this came up, I asked Tom Ashford (her son, and a justice of the peace) what I should do. I went first and told Sam (the plaintiff) what his father had said; that is, that he had left me in possession; * * * that his father had left me in possession until his daughter came. I asked him if he would not go away, and he just sat there with his feet crossed, * * * and said, 'Thank you.' I said, 'Won't you go without any trouble?' He said, 'No.' I said, 'I will have to take proceedings,' and I walked back in the room and didn't see him any more."

Her son Tom told her to call Mr. Chenault, and talk with him about it. Tom went out and got Coburn, a justice of the peace, and they said they had told Mr. Chenault all that happened, and Mr. Chenault (a practicing lawyer) told them to get out this warrant, the affidavit to which she then signed. (The affidavit charged that the plaintiff "did enter upon the premises of the affiant, and, being warned to leave said premises, did fail to do so without just cause or legal excuse." The warrant of arrest was on a charge of "trespass after warning.") Defendant stated, on cross-examination, that her only object in swearing out the warrant was to get plaintiff off of the premises.

No prosecutors appeared in court, and the prosecution was dismissed by the solicitor.

All the witnesses agreed that plaintiff was quiet and well-behaved, and ·made no noise or disturbance in the house.

The attorney, Mr. Chenault, testified to what defendant's son had told him when he called him for advice; and he said:

"I told Tom over the telephone that the plaintiff would not have the right to come there over the objection of the person in possession, if his mother was left in possession, and over her objection he would not have the right to go there. * * * He told me that 'she had remained there, and that the old man had requested her to hold possession until Helen came,' * * * I told him that I would advise an arrest under those conditions."

At plaintiff's request, the trial judge instructed the jury as follows:

"(1) The defendant is not protected by what she had told to her lawyer and advice of her lawyer, unless she acted in good faith on such advice."

"(6) If the defendant failed to tell the lawyer everything material about the occurrence for which she may have had the plaintiff arrested, and if this failure was because of mistake or oversight or inadvertence, then she cannot defend on her lawyer's advice."

"(12) The court charges you that the plaintiff had the legal right to go to the late residence of his father to attend his father's funeral."

"(14) If the plaintiff attended his father's funeral ceremonies, and if, while attending them, the plaintiff behaved himself properly, and if, under these circumstances, he was told to leave and if he refused to leave, and if he was arrested and prosecuted for such refusal, then the court charges you, as matter of law, that such arrest and prosecution was wrongful."

"(19) If the jury believe the evidence, then Torian, plaintiff, had a good excuse for remaining on the premises after a warning to leave."

"(23) If the jury believe the evidence, that upon the death of S. T. Torian, Sr., the right of possession became immediately vested in S. T. Torian, Jr., the plaintiff."

The following charges were refused to plaintiff:

"(2) If the defendant made disclosures to counsel and obtained his advice simply as a subterfuge for having an· excuse to procure the plaintiff's arrest, then advice of counsel would be no defense whatever."

"(5) If the defendant misrepresented to her lawyer any material fact or circumstance, then she cannot defend upon her lawyer's advice to have the plaintiff arrested."

"(6) If a party has another one arrested, after being advised by a lawyer and the lawyer's advice is erroneous or wrong, and the prosecutor believes it to be erroneous or wrong, then such lawyer's advice is no defense."

"(43) If the jury believe the evidence, Mrs. Ashford was not in possession of the property on the day S. T. Torian was arrested."

"(44) The law does not require the plaintiff to satisfy the jury of any point or fact in the case."

"(R) The jury is not required to be actually satisfied of malice or want of probable cause,

or of both malice and probable cause, before finding a verdict for plaintiff."

At defendant's request, charges 8 and 9 were given:

"(8) I charge you that, in actions for malicious prosecution, two things are essential to be established by the plaintiff:

"(1) The absence of all probable cause for such prosecution on the part of the defendant.

"(2) That the prosecution was malicious. The defendant may successfully defend, by showing either that there was probable cause for the prosecution, or, admitting that there was not probable cause, still, that she was not actuated by bad motives, or by what the law terms malice.

"(9) Wherever, in actions for malicious prosecution, the defendant, although unable to show a state of facts sufficient to establish the truth of the accusation which was preferred against the plaintiff, is nevertheless able to bring forward such a state of facts and circumstances as to induce in the mind of a reasonably prudent person a well-grounded belief of the guilt of the plaintiff, this will be sufficient for her protection."

The jury found for defendant, and from the judgment thereon plaintiff appeals.

E. W. Godbey, of Decatur, for appellant.

Charge 9 was erroneously given for defendant. 21 C. J. 900; 11 A. & E. Ency. L. (2d Ed.) 357; Eberhardt v. Sanger, 51 Wis. 72, 8 N. W. 111; Jefferson County v. Parker, 211 Ala. 289, 100 So. 338; K. P. v. Steele, 107 Tenn. 1, 63 S. W. 1126. Charge 9 is not a correct statement of law. Parisian Co. v. Williams, 203 Ala. 378, 83 So. 122; Watson v. Cain, 171 Ala. 151, 54 So. 610; American Co. v. Pryor, 211 Ala. 114, 99 So. 636. Charges 2, 5, and 6 were due to have been given for plaintiff. Bradford v. Lawrence, 208 Ala. 249, 94 So. 103; Sugar, etc., Co. v. Johnson, 17 Ala. App. 409, 85 So. 871; McLeod v. McLeod, 73 Ala. 42. Plaintiff was due the affirmative charge. Schofield v. Ferrers, 47 Pa. 194, 86 Am. Dec. 532; Johnson v. Ebberts (C. C.) 11 F. 129.

S. A. Lynne, of Decatur, and G. O. Chenault, of Albany, for appellee.

Charge 8, given for defendant, is not subject to criticism. The use of the word "establish" does not impose a greater burden on plaintiff than he was required to bear. Ewing v. Sanford, 21 Ala. 157; Jones v. Monson, 137 Wis. 478, 119 N. W. 179, 129 Am. St. Rep. 1082; Gamble v. Martin (Tex. Civ. App.) 151 S, W. 327; Wistrom v. Redlick Bros., 6 Cal. App. 671, 92 P. 1048; Callan v. Hanson, 86 Iowa, 420, 53 N. W. 283. Charge R, requested by plaintiff, is bad. Whiteneck v. Comm. (Ky.) 55 S. W. 916; Terre Haute T. & L. Co. v. Payne, 45 Ind. App. 132, 89 N. E. 413. Charge 9, given for defendant, is a correct statement of law. Ewing v. Sanford, supra; Long v. Rodgers,

19 Ala. 321; McLeod v. McLeod, 73 Ala. 42. Plaintiff was guilty of trespass after warning. Code 1923, § 5660. Defendant submitted all that transpired to her attorney, who advised her in good faith that an offense had been committed and warranted prosecution, and she in good faith acted upon his advice. Hence the plaintiff could not recover. Small v. McGovern, 117 Wis. 608, 94 N. W. 653; Jordan v. A. G. S., 81 Ala. 226, 8 So. 191.

This case having been submitted under Supreme Court rule 46, the opinion of the court was prepared by Mr. Justice SOMERVILLE.

[1] On the undisputed facts of the case, plaintiff was not guilty of trespass after warning, and, as a matter of law, there was no probable cause for his prosecution on such a charge, apart from the advice of counsel. This was, in effect, the plain instruction given to the jury by the trial judge.

On the other hand, there seems to have been no express malice or ill will on the part of the prosecutor, though legal malice ought perhaps to have been inferred from her confessed purpose to use the criminal process to accomplish her purely private design of protecting the premises against plaintiff's unwelcome presence in the house, pending his sister's arrival from Denver. Jordan v. A. G. S. R. R. Co., 81 Ala. 220, 226, 8 So. 191; Lunsford v. Dietrich, 93 Ala. 565, 569, 9 So. 308, 30 Am. St. Rep. 79; Ewing v. Sanford, 21 Ala. 157, 163.

The decisively important issue submitted to the jury was on the effect of the advice of counsel given to defendant on the eve of the prosecution complained of—whether it met the requirements of the law in order to constitute probable cause for instituting the prosecution.

[2] Advice of counsel is not the equivalent of probable cause, and therefore is not a complete defense to the action, unless it is honestly sought and acted on in good faith. Jordan v. A. G. S. R. R. Co., 81 Ala. 220, 227, 8 So. 191; Sandlin v. Anders, 187 Ala. 473, 479, 65 So. 376. As said in McLeod v. McLeod, 73 Ala. 42, 46:

"The advice of counsel obtained mala fide will avail nothing, when it is resorted to as a mere shelter to cover up a previously fixed determination to make the arrest in question."

[3] On this principle refused charge 2, requested by plaintiff, stated a correct proposition of law, applicable to the evidence, and its refusal was prejudicial error. The general instruction that defendant must have acted in good faith in bringing the prosecution does not fairly cover the proposition refused.

[4] Refused charges 43 and 44 are correct propositions of law, but, as framed, they might easily have misled the jury as to the point intended to be emphasized, viz., the measure of proof, and not the fact of proof;

and for that reason their refusal was not error.

[5, 6] In order to constitute probable cause not only must the facts known to the prosecutor be sufficient to induce a reasonable man to believe in the guilt of the accused, but they must actually induce such a belief in the mind of the prosecutor. As said in McLeod v. McLeod, 75 Ala. 483, 486:

"The question in such cases is not whether the accused was in fact guilty, but whether the prosecutor, acting in good faith, and on the reasonable appearance of things, entertained the reasonable belief of his guilt."

Charge 9, given for defendant, ignored this essential element of probable cause, and on the authority of Watson v. Cain, 171 Ala. 151, 54 So. 610, the giving of the charge must be held as reversible error. On the same principle, refused charge 6 should have been given for plaintiff.

[7] The criticism of defendant's' given charge 8 is that it requires the stated elements of the tort "to be established by the plaintiff." According to lexicographers, "to establish" means to fix firmly or immovably; to put beyond doubt or dispute. The word is therefore, in strictness, inapt if used to state the measure or degree of proof required. It has, however, come into rather common use by judges and law writers in stating the elements of the case to be proved. This language of charge 9 is taken from the opinion of the court in Ewing v. Sanford, 21 Ala. 157, 162; and it has been repeated in Hanchey v. Brunson, 175 Ala. 236, 56 So. 971, Ann. Cas. 1914C, 804, and in Parisian v. Williams, 203 Ala. 378, 382, 83 So. 122.

In the instant case, the court was not explaining the measure of proof, but merely the facts to be proved, and if it was considered as misleading, notwithstanding the correct instructions as to the measure of proof several times repeated in the oral and written charges given, we think the duty was on the objector to ask for an explanatory charge—the refusal of which might have been reversible error.

We think it was prejudicial error to allow the plaintiff to be cross-examined as to his lack of attendance on his father during his last illness—a fact which was wholly irrelevant to the issues, but capable of creating serious prejudice against plaintiff in the minds of the jury.

Other questions need not be considered. For the errors noted the judgment will be reversed and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

## On Rehearing.

SOMERVILLE, J. [8] The complaint avers that the defendant "undertook to drive defendant [meaning plaintiff] away from his own house where the body of his father lay," and "did then and there * * * order defendant to leave said premises, greatly to his humiliation"; and that defendant "did procure said arrest and contrive the plaintiff's shame and humiliation," and caused him "great mental anguish." But there is nothing in all of this that presents any issue as to plaintiff's affection for his deceased father, nor any assertion of mental suffering on that account, nor does the complaint claim damages in that behalf. Hence we must adhere to the conclusion that evidence of plaintiff's social neglect of his father before his death was improperly admitted.

With respect to charge 9, given for defendant, counsel for defendant insist that, since it is framed in the exact language of the opinion in Ewing v. Sanford, 21 Ala. 157, 163, it was necessarily a correct instruction, and was therefore properly given.

The question in that case was whether the trial judge erred in refusing to charge the jury "that, if defendant believed at the time he made the affidavit that the conduct of Sanford, forming such ground of accusation, amounted to the offence charged," they must find for the defendant. An examination of the opinion, in its entirety, shows that the court was dealing with the question of malice and not probable cause, and was defining what state of facts would, in the absence of probable cause, serve to rebut the implication of malice—assuming, as did the refused charge, that the prosecutor acted under an honest belief that the facts showed the guilt of the accused. The opinion was so understood and cited to that conclusion in Lunsford v. Dietrich, 86 Ala. 250, 253, 254, 5 So. 461, 11 Am. St. Rep. 37, and in Sloss-Sheffield, etc., Co. v. O'Neal, 169 Ala. 83, 89, 52 So. 953. So far as we are advised, it has never been cited or approved as a correct definition of probable cause, which would, of itself, constitute a defense.

It is true that this court, as well as many others, has defined probable cause, in the abstract, as:

"Such a state of facts and circumstances as would lead a man of ordinary caution and prudence, acting conscientiously, impartially, reasonably and without prejudice, to believe, on the facts within his knowledge, that the person accused is guilty." Jordan v. A. G. S. R. R. Co., 81 Ala. 220, 226, 8 So. 191, 192; Lunsford v. Dietrich, 93 Ala. 565, 569, 9 So. 308, 30 Am. St. Rep. 79.

But, to make such facts and circumstances available as a defense, the defendant must have himself, in consequence thereof, entertained an actual and honest belief in the

guilt of the accused, as the cases cited in our original opinion show.

Had charge 9 omitted the last clause asserting that the conditions predicated would per se protect defendant against liability, it would, though incomplete, have afforded no basis for reversible error.

[9] Finally, we must remind counsel that statements of law, found in judicial opinions, are not always proper for instructions to be given to juries in other cases, and that, indeed, they may be grossly erroneous when so applied. So. Ry. Co. v. Hayes, 198 Ala. 601, 73 So. 945.

For the reasons stated, the application for rehearing will be overruled.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.