# Wood, et al *v*. West Pratt Coal Co.

*Trover and Case.*

(Decided April 12, 1906. 40 So. Rep. 959.)

1. *Trover and Case; Title of Plaintiff; Evidence of Debt.*—Where the plaintiffs claim under a mining lease stipulating that the property alleged to have been converted should remain on the land and in the possession and use of lessors until the ore was all mined, and the lessee sold it before that time to defendants, the question as to whether the lessee, defendant's vendee, owed plaintiffs anything is immaterial as affecting the title of either to the property.

2. *Chattel Mortgage; Description of Property; Sufficiency.*—While the rule is not so exacting between the parties to the mortgage, as between the mortgagee and third persons to be affected by the mortgage, the description of the property must be particular; must contain a hint that will direct the attention of those reading it to some source of information beyond the words of the parties to it; and a mortgage on "12 tram cars, 5 gross tons tram car rails, 600 tram ties, 1000 lb. spikes, 500 mining timbers, and one tipple" is too indefinite and uncertain as to description to be used as evidence on which to build up a title for defendant.

3. *Same; Adverse Title; Notice to Mortgagee.*—Where the property when mortgaged was on the land and in the possession of the lessors, this was constructive notice such as to put mortgagee on notice or inquiry and renders mortgagee's claim inferior to that of the lessors in possession claiming under a contract executed prior to the mortgage, though unrecorded.

APPEAL from Birmingham City Court.

Heard before HON. C. W. FERGUSON.

Action by Sterling A. Wood and others against the West Pratt Coal Company.

The appellants sued appellee in trover for the conversion of ten tons of railroad iron, called "T rails," five iron tipples, ten tram cars, frogs, switches, and other material. There was also a second count in case for destroying plaintiff's title and right to use the above property. There were demurrers to the complaint, which were overruled, and issue was joined on the pleas of not guilty. On the trial the evidence showed that the defendants had purchased of McFarland & Co. the property above described as sued for. The plaintiff introduced a lease executed between plaintiffs and McFarland & Co. for the purpose of mining iron ore, fixing the minimum amount to be mined each month, the royalties to be paid, and other things necessary to a mining lease, paragraph 6 of which is in the following language: "That they (McFarland & Co.) will not remove from said premises any machinery, tram rails, tipples, chutes, or other materials that may be used in mining on said premises, nor sell or otherwise dispose of the same, until all of the said iron ore shall have been mined and taken therefrom as herein stipulated; and if they should cease mining, or this contract end and determine before all of said iron ore is mined and taken therefrom, the said parties of the first part shall have the right to use the said property mentioned for the purpose of mining the remaining part of said iron ore and until the same is mined." The evidence tended to show that a considerable portion of the ore remained unmined; that McFarland & Co. abandoned the contract, and without the consent of the plaintiff sold to the defendant the property sued for. The defendants sought to build up a title under a mortgage executed by McFarland & Co., to A. G. Stevenson. The property described in the mortgage is as follows: Twelve tram cars, five gross tons of tram car rails, 600 tram car ties, 1,000 pounds spikes, 500 mining timbers, and one tipple. The plaintiff objected to the introduc-

tion of the mortgage, because the description therein was vague, indefinite and uncertain, and the mortgage was void as to plaintiff ,and that the same was not filed for record until 30 days after its date and after plaintiff's right had attached to the iron. The mortgage was executed on January 30, 1903, and filed for record in the probate office on March 23, 1903. The lease was executed January 1, 1903.

WARD & HOUGHTON, for appellant.—By the terms of the lease, plaintiff had a right to use the iron until all the ore on the leased premises was mined, and the fact that McFarland & Co., owed plaintiff was pertinent to show that plaintiff had not consented to the removal of the rails, and had not settled or discharged their claim against McFarland & Co. The description of the property in the mortgage from McFarland & Co., to Stephenson was insufficient and uncertain, and the mortgage should have been excluded.—*Barrett v. Fisch,* 14 Am. St. Rep. 238; *Rhutasel v. Stevens,* 68 Iowa 627; *Warner v. Wilson,* 73 Iowa, 719. While the description may be sufficient as to the parties, it was not sufficient to charge third parties with notice of what had been conveyed.— 5 Am. & Eng. Ency. of Law, 958; *Gilchrist v. McGhee,* 67 N. W. 392. The rails were attached to the land as much as in the nature of things they could be, and this was notice to purchaser.—*Lomax v. LeGrand,* 60 Ala. 537; *Boggs v. Price,* 64 Ala. 514; *Foxworth v. Brown,* 114 Ala. 899; *Bush v. Willis,* 130 Ala. 395.

KERR & HALEY and FRANK S. WHITE & SONS, for appellee.—These rails are trade fixtures, and did not become part of the realty.—13 Am. & Eng. Ency. of Law, 645;. The lease itself provides for a royalty and does not provide for rent. The law gives no lien for royalty.— *Etowah Mining Co. v. Wills Valley M. & M. Co.,* 39 So. 337. The reasoning in the case of *Kennedy S. & C. Co. v. S. S. S. & I. Co.,* 137 Ala. 401 would seem to apply fully to this case.

SIMPSON, J.—This was a suit brought by the appellants against the appellee for the conversion of certain property, with a second count in case. The first point insisted on in the brief of appellant is that the court erred in excluding evidence to the effect that McFarland was indebted to the plaintiff. There was no error in this, as the claim of the plaintiff did not in any manner depend on whether or not McFarland was indebted to him. The plaintiff's right, under the lease, was to use the property until the ore was all mined from the land, if the said McFarland abandoned it before that was done.

The court erred in permitting the defendant to introduce in evidence the mortgage of McFarland & Co. to Stevenson, as it does not describe any particular property, nor does it contain any hint "which will direct the attenton of those readng it to some source of imformation beyond the words of the parties to it." While the rule is not so exacting when the question comes up between the parties to the mortgage, yet, when it is sought to be used against a third party, the rule is as above stated.—*Barrett v. Fisch*, 76 Iowa, 553, 41 N. W. 310, 14 Am. St. Rep. 238, and note; Jones on Chattel Mortgages, §§ 54, 54a, 55, pp. 62, 66; 5 Am. & Eng. Ency. Law, pp. 956, 957; *Rhutasel v. Stephens*, 68 Iowa, 627, 27 N. W. 786; *Warner v. Wilson*, 73 Iowa 719, 36 N. W. 719, 5 Am. St. Rep. 710; *Sperry, Webb & Garner v. Clarke*, 76 Iowa, 503, 41 N. W. 203; *Taylor v. Gilbert*. 92 Iowa, 587, 61 N. W. 203; Pingree on Chattel Mortgages, § 142. Our own court, in a case in which a description giving the number and earmarks of animals was held sufficient, calls attention to the fact that the contention was "between mortgagor and mortgagee and not between mortgagee and other creditors or purchasers."—*Cragin & Knobles v. Dickey*, 113 Ala. 310, 313, 21 South. 55, 56. In this case it was sought to build up a title, adverse to the plaintiff's on this mortgage, which was not recorded until after the plaintiffs' interest had accrued, and, in addition to what has been said about the insufficiency of the description, the testimony shows that there were

21,200 tons of the rails, and the witness testified that he could not tell which part of these rails the mortgage was on.

According to the testimony in this case the plaintiffs had a property interest in the rails which were laid on the track, having them in their possession with the right to hold and use them until the iron ore was all mined. Our statutes for the protection of innocent purchasers cover only liens, mortgages, and other conveyances which are required to be recorded. The doctrine of caveat emptor applies when one person purchases the property of another, and the fact that the property was in the possession of the plaintiffs, when pointed out by McFarland to defendant, was sufficient to put them on inquiry as to the right of plaintiffs, and if they purchased and received the property they are liable to the plaintiffs to the amount of the value of the use of the property so long as it would be required to mine all the ore. The evidence is not clear as to exactly what that amount is, but the court erred in giving judgment for the defendant.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

WEAKLEY, C. J., and TYSON and ANDERSON, JJ., concur.