[Sloss-Sheffield Steel & Iron Co. v. O'Neal.]

# Sloss-Sheffield Steel & Iron Co. v. O'Neal.

## Malicious Prosecution and False Imprisonment.

(Decided April 14, 1910. Rehearing denied June 30, 1910.
52 South. 953.)

1. *Trial; Reception of Evidence; Objection.*—Where it appeared that the plaintiff was taken on a train by an officer having him in charge and he stated that every one on there knew that he was under arrest because the officer told them, a motion to exclude such evidence came too late, where no objection was interposed to the question "the deputy told them?" as the question was a forecast of the evidence expected, and its relevancy to the answer.

2. *Appeal and Error; Review.*—This court on appeal will not review the action of the trial court as to the admission of evidence where no ruling is shown thereon by the record.

3. *Malicious Prosecution; Evidence; Jury Question.*—As to whether or not defendant had made a full and fair statement of all the facts to counsel before procuring the issue of process is one of fact for the jury.

4. *Same; Damages.*—In an action for malicious prosecution the malice required for the recovery of punitive damages need not amount to ill-will or hatred; it is sufficient if the defendant is guilty of a wanton disregard of the plaintiff's rights.

5. *Same; Instruction.*—Where the action was against a corporation for malicious prosecution and it appeared from the evidence that plaintiff was prosecuted for an assault on an employee of the corporation and that an attorney prepared the affidavit in consultation with the assaulted person and an officer of the defendant corporation, an instruction asserting that while it was a defense that the prosecutor secured advice from an attorney, yet in order for it to be a complete defense, the prosecutor must have made a full and fair statement of all the facts, was proper.

6. *Same.*—A charge asserting that plaintiff would not be entitled to a verdict if the prosecutor honestly thought that plaintiff was guilty, although he was innocent, was properly refused for use of the word, "thought" instead of the word, "belief," since thought may be no more than a mere conceit or fancy, while belief is that conviction which follows from the consideration of facts or evidence.

7. *Same.*—Good faith in consulting counsel and probable cause for belief in guilt are issues generally for the determination of the jury.

APPEAL from Birmingham City Court.
Heard before Hon. C. W. FERGUSON.

Action by Charles A. O'Neal against the Sloss-Sheffield Steel & Iron Company, in malicious prosecution and false imprisonment. Judgment for plaintiff and defendant appeals. Affirmed.

Plaintiff was prosecuted for an assault with intent to murder upon one Stith, who appears to have been in the employment of the defendant company. The facts leading up to the prosecution and the question of the participation of the company therein through its agents are sufficiently intimated in the opinion of the court.

The following charges were given at the instance of the plaintiff: "(1) The court charges the jury that, while it is a defense to a suit in malicious prosecution that the prosecutor had secured advice from a practicing attorney learned in the law, yet the court charges the jury that, in order for such advice to be a complete defense, the law requires that the prosecutor shall have made a full and fair statement of the facts, and unless such full and fair statement was made it is no protection to him in a suit for malicious prosecution. (2) The court charges the jury that the malice required for the recovery of punitive damages in this case need not amount to ill will, hatred, or vindictiveness of purpose. It is sufficient if the defendant is guilty of a wanton disregard of the rights of the plaintiff."

The following charges were refused to the defendant: "(1) If you believe that Aldridge went to the place where Stith was being assaulted for the lawful purpose of separating the combatants, and if you believe, further, that O'Neal interfered with or retarded Aldridge in the execution of his purpose, intending thereby to prevent the separation of the combatants, then in that event O'Neal was guilty of an assault on Stewart; and if you believe that Stith honestly thought that

O'Neal had been guilty of the conduct aforesaid, then in that event you cannot find a verdict for the plaintiff, although you may believe that O'Neal was in fact innocent, on the first count of the complaint. (2) Plaintiff is not entitled to recover as against the defendant Aldridge under the third count of the complaint." (3 and 4) Affirmative charge as to the appealing defendant under the first and third counts of the complaint.

TILLMAN, BRADLEY & MORROW, and JOHN S. STONE, for appellant. Counsel discuss assignments of error relative to evidence, but without citation of authority. The court erred in giving charge 1 requested by the plaintiff.—*Jordan v. A. G. S.,* 81 Ala. 226; *VanMeter v. Bass,* 18 L. R. A. (N. S.) 49. The court erred in refusing to give charge 1.—*Chandler v. McPherson,* 11 Ala. 919; *McLeod v. McLeod,* 75 Ala. 486. The court erred in refusing to give charges 2 and 3 requested by the defendant.—*Jordan v. A. G. S., supra.* On the same authority the court erred in giving charge 4.

BOWMAN, HARSH & BEDDOW, for appellee. Counsel discuss assignments of error as to evidence, but without citation of authority. Counsel insist that the court properly gave the charges requested by plaintiff.—*McLeod v. McLeod,* 73 Ala. 44; *King v. Power Co.,* 131 Wis. 575. Counsel discuss other assignments of error, but without citation of authority.

SAYRE, J.—This was an action of malicious prosecution, and grew out of an assault made upon one Stith, in 1904, who was at the time superintendent of the defendant company's mine at Brookside. It appeared without any sort of contradiction that in the prosecution which followed, and of which the plaintiff

complained, Mr. Bradley, an attorney at law, had prepared the affidavits for warrants—there were two—in consultation with Stith and J. W. McQueen, secretary, treasurer, and vice-president of the defendant company, and had appeared in court advising about the prosecution of the cases so made. Question seems to have been made in the case on trial whether in so doing Bradley was acting as an attorney for the defendant company or for his personal friend Stith. At the time he had a general retainer with the company, and had attended to such legal affairs as Stith had from time to time. It was objected to the testimony of the witness by whom plaintiff endeavored to prove Bradley's attorneyship for defendant company that they were stating conclusions merely and had no knowledge of the fact. It is hardly necessary for the disposition of the several exceptions reserved in this connection to discuss the grounds of objection interposed, for at a later stage of the case it was admitted in open court that Bradley had received from the company a fee as attorney for prosecuting the cases against plaintiff and others, and Bradley, who was called as a witness by defendant, testified that McQueen had authority to speak to attorneys about such matters and was present at the consultation. If, on consideration of the whole case, there appeared any conflict as to Bradley's agency, or any reason for doubting the sufficiency of the evidence to establish the fact, a different question would be presented. As it was, we consider it sufficient to say that, if there was error in the rulings complained of, we are satisfied that it was without prejudice to the appellant's case.

After his arrest the plaintiff had been taken by the deputy sheriff having him in charge from Brookside to Birmingham on a train. Plaintiff testified that most every one on the train knew he was under arrest, as-

signing as a basis of the statement that the deputy had told them. This was in response, as the bill of exceptions states, to the question: "The deputy told them?" The uncertain indication of the bill is that this question was asked by the defendant. But if the contrary be assumed, the question clearly forecast the relevancy of the answer, and defendant should have interposed objection before answer. It may also be deemed a proper disposition of this exception to say that the record fails to show any ruling by the court below.

The first charge, given on the request of the plaintiff, was a statement of the law serviceable to the jury and accurate in its application to the tendencies of the evidence in this case. Stith, in making his statement to the attorney and in speaking for McQueen, who, the jury might have inferred, was acting for the defendant on that occasion, had narrated an assault upon himself, and its attendant circumstances—an affair quorum magna pars. There was nothing in the case so stated, nor in the character of the man making the statement, to indicate any reasonable occasion for further inquiry. Defendant was not required to indulge suspicion of the statement. The only question of practical application in the immediate connection was whether he had made a full and fair statement of the facts known to him. That was a question for the jury, and was submitted to the decision of the jury by the charge. Jordan v. A. G. S. R. R. Co., 81 Ala. 220, 8 South. 191, relied on by appellant, holds with the appellee on this point. There the information connecting plaintiff with the commission of the crime charged against him was inherently weak and unsatisfactory, and one would suppose that prudence would have stimulated further inquiry. Stone, C. J., laid down the general proposition that where a prosecutor fully and fairly submits to learned counsel all the facts which he knows, or by

proper diligence could know, to be capable of proof, and is advised that they are sufficient to sustain the prosecution, and acts upon such opinion in good faith, he is not liable. Nevertheless, he sustained a charge predicating nonliability upon a full and fair statement of all the facts, but omitting all reference to facts which could be known by proper diligence. There was a like ruling in *McLeod v. McLeod*, 73 Ala. 42.

The second charge given to plaintiff is not argued. It states a proposition which seems sufficiently clear.

In *Chandler v. McPherson*, 11 Ala. 919, it was said that if the defendant in an action for malicious prosecution, when putting the prosecution on foot, acted under an honest belief that the plaintiff was guilty of the offense charged against him, no recovery can be had. And that case is cited as authority for the proposition that the court erred in refusing to give charge 1 requested by appellant. The assertion of the charge in respect to the guilt of plaintiff on the facts hypothesized may be conceded. But the charge goes further and asserts that, although plaintiff was innocent, no verdict could be found for plaintiff, if Stith honestly thought he was guilty. In *Long v. Rodgers*, 19 Ala. 321, this court qualified *Chandler v. McPherson*, saying: "It will never do, as we have above intimated, to hold that a belief of the plaintiff's guilt, founded upon the caprice, prejudice, or idle dreams of the prosecutor, in the absence of all facts and circumstances which would generate such suspicion of a reasonably prudent man, will exonerate the party from liability. The books abound with cases to the contrary"—citing a number of cases. This case has since been followed on a number of occasions. In *Steed v. Knowles*, 79 Ala. 446, the court expressed itself in this language: "There can be no justification without honest belief coupled with, and supported by, reasonable grounds."—*Lunsford v. Dietrich,*

[Sloss-Sheffield Steel & Iron Co. v. O'Neal.]

86 Ala. 250, 5 South. 461, 11 Am. St. Rep. 37; *McLeod v. McLeod, supra; Jordan v. A. G. S. R. R. Co., supra; Ewing v. Sanford,* 21 Ala. 157. In *Long v. Rodgers,* however, it seems to have been held that an honest belief implied a belief founded upon sufficient evidence. We do not intend to become mere critics of language; but we think it ought to be noticed that the charge in question used the word "thought" instead of "belief." "Belief" is that conviction which follows from the consideration of evidence or of facts, while a "thought" may be no more than a mere conceit or fancy. In this case the plaintiff contended that he interefered in the difficulty between Stith and Burrell as a peacemaker only, and there was no reason for attributing to him a different purpose. There was evidence to support his contention. So, then, without deciding that the court would have been in error if it had given the charge, we hold that the court is to be sustained in its refusal to give it.

We do not know why we should be asked to consider charge 2 refused to defendant. The charge permitted a recovery against the defendant Aldridge. But there is no judgment against him.

Other assignments of error relate to the refusal of the general charge to defendant and the overruling of the motion for a new trial. There can be scarcely any doubt that the defendant participated in the prosecution of plaintiff. We need to add only that issues as to good faith in consulting counsel, and probable cause generally, are for the determination of the jury.— *Brown v. Master,* 111 Ala. 397, 20 South. 344.

We think the judgment should be affirmed.

Affirmed.

Dowdell, C. J., and Anderson and McClellan, JJ., concur.