(115 So. 74)

**WELLS CO. v. LANE.** (6 Div. 94.)

Court of Appeals of Alabama.   Feb. 1, 1927.

Rehearing Denied March 8, 1927.   Affirmed after Mandate Nov. 1, 1927.

Rehearing Denied Dec. 13, 1927.

270

David J. Davis, of Birmingham, for appellee.

J. B. Ivey, of Birmingham, for appellant.

RICE, J.  Judgment in favor of appellee against appellant in a suit by him seeking damages on account of an alleged wrongful suing out of a writ of garnishment directed to his employers. The demurrers to the complaint were properly overruled. McCarty v. Williams, 212 Ala. 232, 102 So. 133.

 Since, where a number of rulings of the trial court are combined and argued in brief of appellant together, as a single assignment of error, the appellate court will not reverse, if any one of said rulings is free from error (Malone v. Reynolds, 213 Ala. 681, 105 So. 891), it will suffice to dispose of appellant's argument as to error in the rulings made the subject of its assignments of error 2 and 3 to say that plea 4 presented nothing more than the general issue, and demurrer thereto was properly sustained. "Two essential facts are necessary to justify a garnishment in aid of a pending suit: First, that there is an existing indebtedness from the defendant; and, second, that in the belief of the person praying the process, garnishment against the supposed debtor 'is necessary to obtain satisfaction of such claim.' If either of these essential facts be wanting, the garnishment is wrongful, and the defendant is entitled to his action, and to a recovery commensurate with the injury he has actually sustained." Dishman et al. v. Griffis et al., 198 Ala. 664 [73 So. 966]. "If the party suing out the process believe the facts to exist, and is not influenced by a reckless or vexatious spirit, the recovery should not go beyond the actual injury. Such suit would not, in contemplation of law, be vexatious." Pounds et al. v. Hamner, 57 Ala. 342.

 If, though, the garnishment be vexatious, a different rule would apply. In that

case exemplary damages may be recovered—the amount to be determined by the jury in their discretion. Id. " * * * it would be difficult to prove that the person suing out the process did not believe the garnishment against such person was necessary to obtain satisfaction of the claim. Still, it is one of the issues * * * to be passed upon by the jury, under appropriate instructions." Pounds et al. v. Hamner, supra.

With the above principles in mind it seems proper to observe that in the instant case the plaintiff admitted in open court that, at the time the writ of garnishment issued to his employers, there was a debt owing from him to the appellant. Consequently it would appear that the details of his business transactions with appellant, showing, or tending to show, how the dispute arose which occasioned the appellant to institute the garnishment proceedings, were immaterial. The question litigated in this case was not as to whether or not appellee was justly indebted to appellant at the time the garnishment proceedings were instituted, but was rather the simple question of whether or not appellant had reasonable cause for belief, and believed, garnishment necessary to recover the amount of its claim. We therefore hold that the court acted without error in sustaining the appellee's objections to the several questions calling for information with reference to his said business transactions with appellant.

It seems to us proper that the jury should have been in possession of whatever facts there were that would have had a tendency to show that appellant did not have reasonable cause to believe that garnishment proceedings were necessary for it to recover its claim against appellee. In line with this the letter from appellee's attorney to appellant was properly admitted in evidence, because, forsooth, there were expressions in said letter which might have aided the jury in reaching a correct conclusion as to the presence or lack of a probable cause for believing, on the part of appellant, that it was necessary for it to institute the garnishment proceedings against appellee in order to collect its claim. But the details of which we might as well call the "squabble" between appellant's manager and appellee's attorney would seem to have been of no aid to the jury, and the trial court properly sustained objections to the various questions calling for same.

While the written charge given at appellee's request may have needed explanation, still it was not incorrect, and the trial court will not be reversed for giving it. The remedy for appellant would have been to ask an explanatory charge. For that matter, though, we might say that we think the charge in question was fully explained, or rather fully explains itself, when taken in connection with the court's oral charge.

There was no error in refusing to give written charges 4 and 5 requested by appellant, for reasons that will be obvious in view of what we have said here.

Likewise, without further discussion, we are of the opinion that the motion for a new trial was properly overruled.

There being no error in the record, the judgment is affirmed.

Affirmed.

Opinion after Remandment by Supreme Court.

PER CURIAM. The judgment of this court, affirming the judgment of the trial court in this case, was by the Supreme Court reversed upon the sole ground, as we read the opinion of that court, of error committed by us in holding that a certain letter, quoted in full in the opinion of the Supreme Court, was admissible in evidence. Further consideration of the case reveals that the letter, the admission of which in evidence was made the subject of the Supreme Court's ruling, was offered and admitted in the court below without objection. Inadvertently we failed to make this statement in our original opinion, and we deem it only just to now, by making it, correct the impression the Supreme Court naturally had that the letter was admitted in evidence over appellant's timely objection.

As no error could be predicated upon the admission of this letter in evidence, it going in without objection, and as no other ruling of this court was held by the Supreme Court to be erroneous, we are constrained to hold, as we do hold, that the judgment of the lower court should be affirmed.

Appellant insists that appellee's counsel, having failed to comply with Supreme Court rule 13 by filing a brief in this court within the required time after submission of the cause, should under Supreme Court rule 38 have his present application to this court to correct or modify its opinion as above herein noted stricken. We merely observe that the Supreme Court, in the case of Caraway v. State, 207 Ala. 588, 93 So. 548, has said that this "rule provides in effect that it need not be applied in any case in which the ends of justice may appear to require further consideration."

We avail ourselves of this holding in this case, although we are of the opinion that it would be our duty to take the same action in the absence of any motion, in order that a judgment of reversal may not be predicated upon a ruling of the trial court to which no objection was made or exception reserved.

Affirmed.