(115 So. 770)
### SMITH v. STATE. (8 Div. 653.)

Court of Appeals of Alabama. March 13, 1928.

J. Foy Guin, of Russellville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J. It was charged in the indictment that appellant, "with intent to defraud, falsely pretended to W. R. Headley that he had a shop of tinner's tools and machinery, etc., and that said property was free from all incumbrance except to the amount of $350.00, and by means of such false pretense obtained from the said Headley $350.00, etc."

The only effort by the state to prove the falsity of appellant's representation that the incumbrance on the "shop of tinner's tools," etc., did not exceed $350, it appearing without dispute that he *did* have the said property, was by the introduction of a certain paper executed by appellant and one Yates, in which a "vendor's lien" for considerably more than $350 was reserved by Yates on property therein conveyed by Yates to appellant, described only as "certain tools and equipment described and set forth in a daybook Exhibit A, and signed by the parties hereto as Exhibit A 'to this contract, and made a part hereof as fully and completely as if copied herein."

As between Yates and appellant, this description might have meant something. But here, as it was sought to be used, where the "daybook" mentioned was not in evidence, it was meaningless and of no effect. The said paper should have been excluded from the evidence. Wood et al. v. West Pratt Coal Co., 146 Ala. 479, 40 So. 959.

Other questions raised will not likely occur on another trial. For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.