The plaintiff sued the defendant for malicious prosecution and abuse of process. The trial court, after an ore tenus
hearing, entered a judgment in favor of the plaintiff in the amount of $5,000. The judgment did not specify upon which theory judgment was entered. The defendant appeals and we affirm.
The defendant contends the evidence does not support a judgment for malicious prosecution. Additionally, the defendant urges error in the trial court's action striking certain defenses and in refusing to allow certain evidence to be admitted.
We do not deem it necessary to set out in detail the facts as revealed by the record. Suffice it to say that the following is pertinent.
In the late summer of 1976, Ray Snellgrove, a member of the plaintiff, Webb Quarterback Club, was defeated by defendant, Annette Gamble, in a city council election. The club sponsored children's football teams in an area league. In January, 1977, Snellgrove proposed an eligibility rule to the club which was thereafter adopted by an affirmative vote of the club members. The rule provided that only those children who attended the Webb public school would be allowed to play on the club sponsored football teams. The defendant's child had played on one of the teams but attended a private school and was therefore ineligible to play after the rule was adopted.
In June, 1978, after consulting an attorney, the defendant filed a U.S.C. Tit. 42, § 1983, action against the club and some of its members, individually, in federal district court. In her suit, the defendant claimed the eligibility rule was adopted solely as a result of the city council election to punish her for criticizing and defeating Snellgrove. The district court dismissed the suit, finding that there was a lack of jurisdiction because no "state action" was involved. No appeal was taken from this decision. The plaintiff then instituted the instant action. *Page 457 
At the outset, we note that the essential elements necessary to recover in a malicious prosecution suit are (1) a judicial proceeding, (2) initiated by the defendant, (3) without probable cause, (4) malice on the part of the defendant, (5) termination of the judicial proceedings favorable to the plaintiff, and (6) damages. King v. Farrell, 55 Ala. App. 147,314 So.2d 68 (1975). If any of these elements is lacking, the result is fatal to the action. Ford Ins. Real Estate Co. v.Thrasher, 45 Ala. App. 592, 234 So.2d 590 (1970).
The defendant, through able counsel, first contends that she did have probable cause to bring the prior federal action against the plaintiff. Specifically, she raises the defense of advice of counsel and further alleges that probable cause existed factually. As indicated above, the federal district court dismissed the prior action for want of jurisdiction because no "state action" was involved. Thus, we find our determination is limited to whether probable cause existed as to the presence of "state action."
We first note that for the defense of advice of counsel to prevail, there must be a full and fair disclosure to counsel of all the facts and circumstances known to the defendant. Whether such a disclosure was made is, in this instance, a question for the trier of fact to determine. Broussard v. Brown, Ala.Civ.App., 353 So.2d 804 (1978).
The defendant contends that she made a full and fair disclosure of the facts as she knew them to her attorney, who recommended filing the prior suit.
However, the record reveals that the defendant's attorney wrote a letter to the plaintiff club, stating that the club had used "revenue sharing monies over the past several years" for uniforms, bleachers, concession stands and upkeep of the football field. This alleged use of revenue sharing funds was materially relied upon in the defendant's prior complaint to prove "state action." The record further indicates that no such use existed and that the defendant knowingly misled her attorney with respect to the facts about revenue sharing funds as she had complete access to the city financial records and knew revenue sharing funds were not used by the club. Thus, the trier of fact could have concluded from the evidence that a full and fair disclosure was not made by the defendant to her attorney. Therefore, as a matter of law, advice of counsel was not, in this instance, a defense.
The defendant also contends, as indicated above, that probable cause existed factually. For this defense to prevail, the malicious prosecution defendant must have reasonably entertained the opinion that, upon adjudication, the claims put forth in the prior suit would prevail. Boothby Realty Co. v.Haygood, 269 Ala. 549, 114 So.2d 555 (1959). Furthermore, in determining the existence of probable cause, this court must weigh the defendant's actions in light of the facts as they appeared at the time the claim was filed. Dodson v. Ford MotorCredit Co., 46 Ala. App. 387, 243 So.2d 43 (1971).
As we understand the defendant's argument in this regard, she contended that the plaintiff-club had complete control and supervision of the public football field, except during school hours. Additionally, she contended that the plaintiff's football program was the only organized football activity in the community. The defendant further cited a donation of $400 to the club by the City of Webb which was later returned to the city. Based upon the above, the defendant concludes that probable cause existed to believe that the club's use of the football field and receipt of city financial help constituted "state action."
However, the record indicates that the football field involved was not in fact used exclusively by the plaintiff. In fact, there is testimony that the school principal informed the defendant, before she filed the prior action, that others could use the field and that the school exercised authority over the use of the field. The principal also related the procedure to be followed to get permission to use the field. As indicated above, there is evidence in the record that the defendant had knowledge that no city funds were being used by the plaintiff. *Page 458 
Whether probable cause existed factually when the evidence is in dispute is also for the trier of fact. S.S. Kresge Co. v.Ruby, Ala., 348 So.2d 484 (1977). Looking to the above, we are not prepared to say the trial court's finding was in error when there was evidence the defendant knew, before filing the suit, that the plaintiff did not have exclusive use and control of the field and did not use public funds. Put another way, it was not error to rule that the defendant, in light of the facts as they existed prior to the filing of the suit, could not have reasonably entertained the opinion that her assertions would prevail.
The defendant next contends that the presence of malice was not shown and concludes the action must fail. We do not agree.
Malice may be inferred from want of probable cause or from the defendant's conduct. S.S. Kresge Co. v. Ruby, supra.
This inference is not one of law, but is merely a presumption of fact which may be rebutted, and is for the trier of fact to determine. Huffstutler v. Edge, 254 Ala. 102, 47 So.2d 197
(1950).
The record indicates that the defendant was told on several occasions that the eligibility rule was not aimed specifically at her child and had nothing to do with the council election. In addition, the defendant was told that other children were affected by the rule change. There is also evidence, as indicated above, that the defendant knew the club had not used either federal or city funds. Despite this knowledge, the defendant proceeded to institute her lawsuit. Since we have already concluded that a finding of want of probable cause was proper, we feel that the attendant presumption which arose therefrom and the above facts sustain a finding of malice on the part of the defendant in instituting the federal action.Huffstutler, supra.
The defendant contends the trial court erred in striking her defense of res judicata. In response to the original federal lawsuit the club filed counterclaims against the present defendant for malicious prosecution and abuse of process. These counterclaims were dismissed by the federal district court on the grounds they were permissive counterclaims without independent grounds of federal jurisdiction.
The defendant argues that because of this dismissal, her defense of res judicata should prevail in the instant action. This court does not agree.
One of the essential requirements for a res judicata defense is that there was a final judgment on the merits in the prior action. See, Stevenson v. International Paper Co., 516 F.2d 103
(5th Cir. 1975); Peak v. State Dept. of Industrial Relations, Ala.Civ.App., 340 So.2d 796, cert. quashed, Ala.,340 So.2d 802, cert. denied, 430 U.S. 984, 97 S.Ct. 1681, 52 L.Ed.2d 379
(1976).
Clearly, in this instance there was no adjudication on the merits of the plaintiff's counterclaims. Thus, the defense ofres judicata was unavailable.
The defendant next contends that the plaintiff was not entitled to recover attorney's fees in the instant action as part of its damages because attorney's fees were available in the prior federal action by statute. Defendant also raises the defense of res judicata with regard to the attorney's fees. Put another way, the defendant contends the plaintiff, in effect, waived any right to attorney's fees in defending the federal suit by failing to apply for them in federal district court. We do not agree.
Damages recoverable in a malicious prosecution action include expenses in connection with defending against the original suit. Key v. Dozier, 252 Ala. 631, 42 So.2d 254 (1949). The defendant does not cite, nor are we aware, of any authority which would preclude recovery of attorney's fees as an expense in defending the original federal suit.
We would further note that for reasons already put forth, there was no error in striking the defense of res judicata with regard to the claim for attorney's fees since the only finding made by the district court was that there was no "state action" *Page 459 
involved. In other words, there was no judgment on the merits concerning the club's right to these fees.
In any event, even assuming that attorney's fees were not recoverable, there was evidence of other recoverable damages, including humiliation and shame sufficient to sustain compensatory and punitive damages to the extent of the judgment. Key, supra.
The defendant finally contends error in the exclusion of evidence relating to the rules of other neighboring teams. The defendant argues that she was attempting to show what the accepted practice was in the area and the league.
We note that the determination of the relevancy of evidence rests largely in the discretion of the trial court and its ruling will not be reversed on appeal unless it is plain that error was committed. Harper v. Baptist MedicalCenter-Princeton, Ala., 341 So.2d 133 (1976).
In this instance, exclusion of evidence as to what other teams did is not plain error since there is nothing in the record to indicate that the defendant had prior knowledge of other team rules. That is, looking to the facts as they appeared to defendant at the time she filed her federal action, she did not offer to show that her knowledge of the other area teams' rules influenced her expectations of success and thus would have given her probable cause to bring the action. Dodsonv. Ford Motor Credit Co., supra; Boothby Realty Co. v. Haygood,supra.
In view of the above, there is evidence to support the trial court. As indicated, the judgment entered was a general verdict and the verdict for malicious prosecution is supported by the evidence. Therefore, other issues raised by the defendant concerning the failure of proof regarding the abuse of process count need not be discussed. See, Sparks v. Milligan, 295 Ala. 358, 330 So.2d 417 (1976); White Roofing Co. v. Wheeler,39 Ala. App. 662, 106 So.2d 658 (1957), cert. denied, 268 Ala. 695,106 So.2d 665 (1958).
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.