The plaintiff, Gene Mitchell, sued the defendant, First Shelby National Bank, for malicious prosecution and abuse of process
The action was tried before a jury which rendered a verdict in favor of the plaintiff in the amount of $1,000. This amount was later reduced to $900 by the trial court *Page 961 
The jury verdict did not specify upon which theory judgment was rendered. The defendant appeals and we affirm
The defendant, through able counsel, contends the evidence does not support a judgment for either malicious prosecution or abuse of process. Additionally, the defendant contends the trial court erred in giving jury instructions on punitive damages
Viewing the record with the attendant presumptions, the following is revealed: Mr. Fredrick McMaster was the owner of a mobile home. On August 13, 1974, McMaster entered into a lease-purchase agreement with the plaintiff. The agreement required the plaintiff to pay $112.50 per month for sixty months. At the conclusion of these payments, McMaster was to convey title to the mobile home to the plaintiff. There is no evidence that this lease-purchase agreement was ever recorded The plaintiff did, however, apparently enter into possession of the mobile home at the inception of the agreement
In 1978, McMaster consulted the defendant-bank in an attempt to procure a loan. As collateral for the loan, McMaster offered the mobile home. On May 30, 1978, McMaster and defendant reached agreement whereby the defendant extended McMaster a loan and took a security interest in the mobile home. To protect its security interest, the defendant duly filed a financing statement as required by the Uniform Commercial Code
McMaster subsequently defaulted on the loan. After failing to obtain payment from McMaster, the defendant-bank contacted the plaintiff in an attempt to obtain possession of the mobile home. Though disputed, there is evidence that a representative from the bank told the plaintiff that he had five days to move out of the mobile home. The plaintiff, however, refused to relinquish possession of the mobile home. Consequently, the defendant instituted an action in the Shelby County District Court seeking to have the plaintiff vacate the mobile home and to allow defendant to take possession
The defendant, pursuant to rule 64 (b)(2)(B), A.R.C.P., made a motion for a writ of prejudgment seizure. This motion was granted on January 4, 1979. On January 9, 1979, the plaintiff made a motion for a prejudgment hearing. A hearing was held on February 9, 1979, and an order was rendered the same day. The trial court did not require the plaintiff to vacate the mobile home. Instead, pursuant to an agreement between the plaintiff and defendant, the trial court ordered that the plaintiff pay the remainder of the installment payments due under the lease-purchase agreement directly to the defendant. The trial court found that eight payments remained which amounted to a total of $900. McMaster was held liable for the remainder of his indebtedness after deducting the $900
No appeal was taken from this decision. The plaintiff then instituted the instant action
The essential elements necessary to recover in a malicious prosecution suit are (1) judicial proceeding, (2) initiated by the defendant, (3) without probable cause, (4) with malice on the part of the defendant, (5) termination of the judicial proceedings in plaintiff's favor, and (6) damages as a result of the action. Gamble v. Webb Quarterback Club, 386 So.2d 455
(Ala.Civ.App.), cert. denied, 386 So.2d 459 (Ala. 1980). The defendant contends the plaintiff presented insufficient proof to establish lack of probable cause, malice, and termination in plaintiff's favor
This court will address each of these contentions
Probable cause in malicious prosecution cases can be defined as that state of facts which would lead a person of reasonable prudence to honestly believe the claims put forth in the prior suit would prevail. Gamble v. Webb Quarterback Club, supra. Seealso Birwood Paper Co. v. Damsky, 285 Ala. 127, 229 So.2d 514
(1969). In the context of the instant case, the defendant would have had probable cause to bring the action to repossess the mobile home only if its representatives maintained an honest *Page 962 
belief that its rights in the mobile home were superior to the plaintiff's rights in the mobile home
The law in Alabama, as correctly indicated by the trial court, is that a conveyance by the lessor of property, during the unexpired leasehold term under which the tenant is holding, does not abrogate the tenant's rights under the lease, unless the lease so provides. Plastone Plastic Co. v. Whitman-WebbRealty Co., 278 Ala. 95, 176 So.2d 27 (1965); Wood v. WestPratt Coal Co., 146 Ala. 479, 40 So. 959 (1906); Mack vBeeland Brothers Mercantile Co., 21 Ala. App. 97, 105 So. 722,cert. denied, 213 Ala. 554, 105 So. 725 (1925). Thus, if there was sufficient evidence to indicate that the defendant acquired its security interest in the mobile home subsequent to the execution of the lease-purchase agreement and the defendant was aware or should have been aware of the plaintiff's rights under the agreement, the defendant would not have had probable cause to bring the action to repossess the mobile home
The evidence is undisputed that the lease-purchase agreement was executed in 1974, approximately four years before the defendant acquired any interest in the mobile home. There is also undisputed evidence that the plaintiff had been in possession of the mobile home for some time prior to the time the defendant acquired its interest in the mobile home. Though not without dispute by the defendant, there is evidence that the defendant was aware of the plaintiff's interest in the mobile home at the time the defendant took its security interest in the mobile home. In any event, it is apparent that, prior to bringing the repossession action, the defendant had some knowledge of the plaintiff's rights because a representative from the bank visited the defendant prior to the action and, according to the plaintiff, asked the plaintiff to vacate the mobile home. Based upon the foregoing, this court concludes that there was sufficient evidence from which the jury could conclude that the defendant was aware or should have been aware of the plaintiff's rights
Stated differently, there was sufficient evidence from which the jury could have concluded that the defendant lacked probable cause to bring the repossession action against the plaintiff
We also find that the defendant's contention that the plaintiff failed to establish malice is without merit. Previous decisions have held that in malicious prosecution actions a presumption of malice arises upon a finding of lack of probable cause. S.S. Kresge Co. v. Ruby, 348 So.2d 484 (Ala. 1977);Gamble v. Webb Quarterback Club, supra; Dillon v. Nix,55 Ala. App. 611, 318 So.2d 308 (1975). This presumption of malice coupled with the defendant's blatant disregard of the plaintiff's rights under the lease-purchase agreement is sufficient to sustain a finding of malice on the part of the defendant in instituting the repossession action
The defendant-bank next contends that the repossession action was not terminated in all respects in plaintiff's favor. To review briefly, the defendant brought the repossession action seeking specifically to have the mobile home removed from the plaintiff's possession. Though the defendant's motion for a writ of prejudgment seizure was granted, the ultimate decision was clearly adverse to the defendant and favorable to the plaintiff because the plaintiff was allowed to maintain possession of the mobile home
The defendant contends, however, that since the plaintiff was ordered to make the remaining payments due under the lease-purchase agreement directly to the defendant, the repossession action was not terminated in all respects in the plaintiff's favor. The defendant cites to Wilson v. Brooks,369 So.2d 1221 (Ala. 1979), as support for this contention. This court, however, is of the opinion that Wilson is distinguishable from the instant case
A brief review of the facts and holding of Wilson is in order. Wilson is a malicious prosecution case. Mr. Wilson, an attorney, brought an action to obtain payment of attorney's fees. The defendant in Wilson's *Page 963 
claim for attorney's fees counterclaimed against Wilson for malpractice. Prior to a decision on the merits of either claim the parties reached a settlement agreement whereby the malpractice counterclaim was dismissed with prejudice in return for a reduction in the amount of attorney's fees claimed by Wilson. Attorney Wilson brought an action for malicious prosecution based upon the malpractice counterclaim. In denying Wilson's claim for malicious prosecution, our supreme court held that the previous litigation (referring to the malpractice counterclaim) had not terminated completely in Wilson's favor because the dismissal was due to a settlement agreement
The major distinction between Wilson and the instant case is that in the instant case no settlement agreement was involved The previous action was initiated by the defendant solely to obtain possession of the mobile home. A hearing on the merits was held and the defendant lost. The plaintiff gave up no claims in order to maintain possession of the mobile home, nor was the plaintiff required to pay any more money than was already due under the lease-purchase agreement. The plaintiff agreed to pay only the amount already due under the lease-purchase agreement. Accordingly, the defendant received no more than it had become entitled to at the moment it took a security interest in the mobile home. Mack v. Beeland BrothersMercantile Co., supra. See 51C C.J.S., Landlord Tenant § 21 (West 1968)
Based upon the foregoing, we conclude that in this instance the previous action terminated in the plaintiff's favor
We note that in the issues portion of its brief, the defendant contends the plaintiff failed to prove damages resulting from the repossession action. However, the defendant failed to include any citations to authorities or to the record in support of this contention as is required by rule 28 (a)(5), A.R.A.P. Consequently, this court will not consider this issue
In summary, we conclude that there was sufficient evidence to support a verdict of malicious prosecution. Since this was a general verdict, other issues raised by the defendant concerning failure of proof regarding the abuse of process count need not be discussed. Gamble v. Webb Quartback Club,supra.
Finally, the defendant contends the trial court erred in giving jury instructions as to punitive damages. Initially, we note that the trial judge has a duty to offer proper instructions regarding each issue presented. Liberty NationalLife Insurance Co. v. Smith, 356 So.2d 646 (Ala. 1978). The issue remains, however, as to whether the issue of punitive damages was presented in the instant action
Generally, in a malicious prosecution action, a punitive damage instruction is warranted only if there is some evidence indicating that the defendant's motivation in instituting the previous action was more than mere malice
What constitutes "more than mere malice" has been expressed in various manners. Our supreme court, in Parisian Co. vWilliams, 203 Ala. 378, 83 So. 122 (1919), held that punitive damages were recoverable where there was malice springing from a motive to injure the plaintiff or to gain some personal advantage for the defendant. In Wells Co. v. Lane, 22 Ala. App. 269,115 So. 74, rev'd on other grounds, 217 Ala. 10,115 So 77 (1927), cert. denied after action on remand, 217 Ala. 12,115 So. 79 (1928), the court of appeals indicated that punitive damages would be proper only if the previous action was influenced by a "reckless or vexatious spirit." "Vexation" was more specifically interpreted in City National Bank vJeffries, 73 Ala. 183, 191 (1882), where our supreme court said:
 If there be no reasonable foundation for believing that a statutory ground for attachment exists, or if the process be sued out wantonly or recklessly without probable cause, . . . then it is vexatious as well as wrongful, and exemplary or vindictive damages may be recovered. . .
Punitive damages have been held to be recoverable where the proceeding complained *Page 964 
of was instituted under circumstances of "oppression, wantonness, or reckless disregard of plaintiff's rights." Askin Marine Co. v. Logan, 24 Ala. App. 13, 15, 130 So. 768, 770,cert. denied, 222 Ala. 52, 130 So. 770 (1930). InSloss-Sheffield Steel Iron Co. v. O'Neal, 169 Ala. 83, 84,52 So. 953, 954 (1910), our supreme court held correct a jury charge that "the malice required for the recovery of punitive damages . . . need not amount to ill will, hatred or vindictiveness of purpose. It is sufficient if the defendant is guilty of a wanton disregard of the rights of the plaintiff."[1]
We conclude, based upon the foregoing authorities, that there was sufficient evidence to support an inference that the defendant was motivated by more than mere malice when it instituted the repossession action. The defendant knew of or should have known of the plaintiff's rights in the mobile home prior to obtaining its security interest therein. Due to the plaintiff's prior interest, the defendant had no hope, under Alabama law, of obtaining possession of the mobile home. Yet, on two occasions, one outside the court and one before the court, the defendant attempted to compel the plaintiff to vacate the mobile home. Both of these actions were taken in total disregard of the plaintiff's rights. Consequently, the jury instructions as to punitive damages were properly given
The case is due to be affirmed
AFFIRMED
WRIGHT, P.J., and BRADLEY, J., concur
[1] In this action the trial court's jury charge as to punitive damages was based upon Logan and O'Neal.