This is an appeal from a modification decree in a divorce case.
The parties were divorced on August 28, 1978. The divorce decree incorporated therein an agreement for the payment of alimony, child support and educational expenses, and the disposition of certain property.
On July 27, 1981 the former husband filed a petition seeking elimination of the alimony payments or a reduction in the alimony payment by the amount of the mortgage payments he was required to make pursuant to the settlement agreement. The former husband had been required by the divorce decree to make the mortgage payments on the marital dwelling, title to which had been ordered placed in the former wife. On September 8, 1981 the former wife answered plaintiff's petition and also filed a modification petition seeking an increase in alimony payments. Defendant alleged that she had sold the marital home and had bought a townhouse. The transaction resulted in an increase in what she had to pay out for the townhouse over what she received in the way of income. She also asked for more alimony because of a change in her physical and emotional health.
The trial court denied both the ex-husband's petition and the ex-wife's cross-petition.
The defendant appeals and contends that the court erred in denying her petition for modification. The plaintiff cross-appeals and says that the court erred in denying his request for a modification; that the trial court erred in admitting and considering two depositions made by the former husband and his present wife which had been made a part of the record in the original divorce action; and that the court erred in awarding the wife an attorney's fee after denying her petition for modification. We will consider the defendant's appeal first.
A periodic alimony award can be modified on proof of changed circumstances. Shirley v. Shirley, 397 So.2d 156 (Ala.Civ.App. 1981). The party seeking a modification of such decree has the burden of proving changed circumstances. Matthews v. Matthews,404 So.2d 692 (Ala.Civ.App. 1981). A decree in a modification case is accorded a strong presumption of correctness and will not be overturned except where shown to be plainly and palpably erroneous. Lassitter v. Lassitter, 371 So.2d 918 (Ala.Civ.App. 1979).
The evidence shows that prior to and subsequent to the divorce, the defendant has suffered from emotional problems and has been in the care of a physician for this condition. Despite these problems the defendant has held several jobs. Her last job was terminated not because of her personal problems but because her employer lacked the funds to continue her employment. The psychologist who had been treating her testified that she would be able to hold certain type jobs, particularly if she stopped taking the medication prescribed by a physician she was seeing. The psychologist was of the opinion that part of defendant's problem was the medication she was taking. He also suggested that defendant needed to undergo counseling and to get a job.
Defendant also introduced evidence to the effect that she sold the marital home to which she had been given title and purchased a townhouse. The purchase of the townhouse amounted to a net increase in her expenses of about $60 per month. However, it must be noted that defendant was given title to the marital home and the plaintiff was required to make the mortgage payments. Had defendant not sold the marital home and purchased the townhouse, she would not have incurred this additional expense. *Page 1325 
Based on the evidence received by the trial court, we cannot find that it plainly and palpably erred in denying defendant's request for modification of the alimony award.
In his cross-appeal, plaintiff argues first that the trial court erred when it refused to modify the alimony award by reducing the amount he was required to pay to his former wife. In the alternative, he argues that he should be relieved of the requirement that he continue to make the mortgage payments since defendant has sold the house.
As we have just stated above, the burden is on plaintiff to convince the court that there has been a sufficient change in circumstances to warrant a change in the alimony award. The trial court was not convinced that circumstances had changed so as to require a reduction in the alimony payments. We agree.
The evidence shows that plaintiff's income is about the same as it was when the divorce was granted; hence, no significant change as to ability to pay. Moreover, defendant's needs for periodic alimony had not decreased; if anything they had increased slightly. Therefore, the trial court properly refused to reduce the periodic alimony payments.
Plaintiff next says that if the alimony payments are not to be reduced he should not be required to continue making the mortgage payments.
The divorce decree incorporated an agreement of the parties whereby it was stipulated that title to the marital home was to be reposed in the defendant and the plaintiff was to make the mortgage payments. This may be considered by the trial court as a property settlement. McEntire v. McEntire, 345 So.2d 316
(Ala.Civ.App. 1977). When the disposition of property is considered by the trial court to be a property settlement, such a decision cannot be modified after the lapse of thirty days.DuBoise v. DuBoise, 275 Ala. 220, 153 So.2d 778 (1963). In the case at bar the trial court denied the request for modification of the property disposition in the divorce decree without stating the basis for such decision. Inasmuch as the property settlement in the divorce decree could be considered a property settlement by the trial court, the denial of the modification petition was not error.
Plaintiff's next contention is that the trial court erred by admitting into evidence two depositions, one by plaintiff and the other by the woman he later married, which had been presented to the court and made a part of the record in the original divorce proceeding.
Although plaintiff argues that the consideration of these two depositions by the trial court in arriving at its decision to deny defendant's modification petition amounted to reversible error, he cites no authority in his brief for this proposition as required by rule 28 (a)(5), Alabama Rules of Appellate Procedure. We, therefore, will not consider this issue. FirstShelby National Bank v. Mitchell, 406 So.2d 959 (Ala.Civ.App. 1981); Blair v. York Engineering Co., 380 So.2d 878
(Ala.Civ.App. 1980).
Finally, plaintiff argues that the trial court erred in awarding the defendant an attorney's fee even though the court refused her relief. Again, plaintiff has failed to cite this court to any authority for his proposition, and this issue will not be considered. First Shelby National Bank v. Mitchell,supra.
For the reasons set out above, the refusal of the trial court to modify the divorce decree as requested by both the plaintiff and defendant is upheld and its judgment is affirmed.
Both the appellant and cross-appellant have requested the award of an attorney's fee by this court. Both requests are denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 1326