The parties were divorced in 1980 after thirty-two years of marriage. In the decree of divorce the wife was awarded the sum of $75 per week as alimony. The alimony was ordered to continue until such time as the wife remarried or became self supporting. The decree contained a property division by which the wife received a sixty-acre tract of land and the husband received three other tracts.
The husband kept the alimony current until January 1984. He then filed a petition to modify, alleging a change in circumstances in that he no longer had a job and that the wife was now self-supporting. He requested a termination of the alimony.
After oral hearing, the trial court denied modification. The former husband appeals, charging error in failing to terminate alimony because the former wife is now self-supporting and because there was shown a change of circumstances which required termination.
 FACTS
At the time of the divorce, the husband was employed by Ford Motor Company, earning $8.50 an hour and working much overtime. His take-home pay was approximately $286 per week for forty hours. In 1983, Ford closed its plant and the husband was drawing $120 per week unemployment compensation. He was entitled to draw sub-pay from Ford in the amount of $190 per week, for a period of two years. However, he had chosen to defer those payments until he exhausted his unemployment benefits. He is now fifty-three years of age. At age fifty-five he will be eligible for retirement pay from Ford.
In 1983 he sold cattle and received over $3,000. He continues to own property upon which there are mortgages. He remains in a small cattle business. He has remarried. His wife is unemployed.
The former wife has no employment, is in ill health with only one kidney which is not fully functional. She sold her sixty acres, from which she netted $17,000. That sum is invested at interest, with anticipated annual return of some $1,800. The wife lives in government subsidized housing and relies on the alimony for rent, utilities, food, medical bills and insurance, drugs and automobile expense.
 MERITS
We recognize that the modification of a decree for alimony remains a *Page 48 
matter for the discretion of the trial court, even though there may be shown some change in circumstances since the last decree. Snow v. Snow, 393 So.2d 1020 (Ala.Civ.App. 1981). In reviewing the exercise of that discretion as shown by the judgment entered after oral hearing of testimony, we accord it a presumption of correctness. With such a presumption in mind, our task is simply to determine if there was sufficient evidence before the trial court to support its judgment against a charge of clear arbitrariness and abuse of discretion.Prentice v. Prentice, 440 So.2d 1091 (Ala.Civ.App. 1983); Deanv. Dean, 424 So.2d 1323 (Ala.Civ.App. 1982). We have used that standard in this case and do not find the judgment clearly arbitrary nor unjust. Neither do we find it error for the trial court to determine that the former wife was not self-supporting.
At this time, to pay $75 weekly from a weekly income of $120 is obviously difficult for the husband. However, the former husband has some cattle business income. He is apparently healthy and owns acreage upon which he could grow food. There was some testimony of a possible additional source of income.
On the other hand, the former wife is unwell, with apparently worse to come. She has no other income, except a little interest, to sustain her. It is no reasonable answer to contend that she may use the principal of her savings and thus be self-supporting. She will need that money in event of further deterioration of her health. It would be as reasonable to require the former husband to sell some of his property in order to pay the alimony. In any event, former husband's ability to pay sharply increases when he begins to receive his sub-pay and retirement.
We cannot find the trial court in error for requiring the continuation of payment to provide a bare livelihood to a former wife of thirty-two years. That court may see more clearly than we.
We affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.