This is a malicious prosecution case concerning a prior civil action which was filed against Weed by the present defendant, AAA Employment (the agency).
Weed was unemployed and signed an agreement with this employment agency whereby he was to pay certain placement fees to them if he accepted a position which was obtained through their efforts. In the small claims court the agency subsequently sued Weed for $500 for a placement fee and that case was dismissed for want of prosecution on the date that it was scheduled for trial. Weed's action against the agency for the malicious prosecution of the small claims case resulted in a nonjury trial before the circuit court. A judgment was rendered in favor of Weed for $750. The agency appealed and raises three primary issues for our determination — the sufficiency of the evidence as to (1) probable cause, (2) malice, and (3) damages.
Since conflicts occurred in the evidence, we generally summarize only that testimony which tends to support Weed's case in order for us to determine if there was any competent evidence which upholds the judgment of the trial court; and, in viewing the evidence in accordance with the applicable presumptions, the following is pertinently revealed by the record.
The contract between the parties was explained to Weed before its execution. He correctly understood that if he even verbally accepted employment as a result of the efforts of the agency he would be liable for a placement fee. Weed was referred by the agency to a particular prospective employer, Better Brands, and he discussed his possible employment with Adkins, their shop foreman. According to Weed, he did not accept the job that day *Page 430 
since he needed to discuss that particular employment with his wife since Better Brands distributed beer. When he saw her shortly after the Adkins interview, Mrs. Weed vetoed that employment on moral or religious grounds. That afternoon, Weed received a telephone call from the agency's secretary, who congratulated him about his obtaining employment with Better Brands, whereupon he informed her that he had not accepted that job. The next day Adkins was informed by Weed that he could not work for Better Brands because of the beverage problem.
Adkins gave a written statement to the agency before they filed the small claims case. Therein, he stated that he had requested the agency to assist him in obtaining a helper, that they sent Weed, and that he and Weed talked about the job. "I was under the impression that he wanted the job." Weed did not appear for work on the following day but later telephoned Adkins and told him that he could not work at a beer company since Mrs. Weed did not approve of that type work.
At the trial Adkins testified to the same facts as were contained in his written statement and he further testified that Weed never filled out an application or signed a time card. He swore that Weed did not ever state to him that he wanted the job or that he would commence work the next morning or at any other time. Adkins called the agency the day following the interview when Weed did not appear for work. Adkins was under the impression that Weed "was going to take the job."
A day or two after the Adkins interview, the secretary of the agency called Weed again and inquired as to why he did not present himself for work at Better Brands, and Weed again told her that he had not accepted the job because of his wife's objections.
A few days later Weed received a collection letter for the placement fee from Palmer, another employee of the agency. Weed testified that he saw Palmer the next day and repeatedly told Palmer, the secretary, and the agency's manager that he had not accepted the Better Brands job and did not owe any placement fee.
Adkins had previously told Weed that Adkins left his work at 4 p.m. It is not controverted by the evidence that around 5 p.m., when Palmer and Weed were discussing whether he had accepted the job, Palmer acted as if he then telephoned and was carrying on a telephone conversation with Adkins in Weed's presence. Palmer told Weed that Adkins said that Weed had indeed accepted the position. However, that same afternoon Weed telephoned Adkins at his home and Adkins denied to him that he had talked to anyone from the agency on that day.
Palmer, with full authority from the agency, signed the small claims complaint against Weed, who employed counsel to represent him in that case. It was later dismissed for want of prosecution.
Many of the above facts were disputed and controverted by the testimony of the agency's witnesses.
To succeed in an action for malicious prosecution based upon a prior civil case, the plaintiff must prove these essential elements: (1) that a civil action was filed by the defendant against the plaintiff, (2) which was instigated by the defendant maliciously and (3) without probable cause (4) with the civil action being terminated favorably to the plaintiff, (5) who suffered damage as a proximate result of the suit.First Shelby National Bank v. Mitchell, 406 So.2d 959
(Ala.Civ.App. 1981); Gamble v. Webb Quarterback Club,386 So.2d 455 (Ala.Civ.App.), cert. denied, 386 So.2d 459 (Ala. 1980);Ford Insurance Real Estate Co. v. Thrasher, 45 Ala. App. 592,234 So.2d 590 (Ala.Civ.App. 1970).
The question evolves whether the agency, under the facts as we have summarized them, had probable cause to institute the small claims civil action against Weed. If any necessary particular fact upon the issue of probable cause was disputed in and by the evidence, a question of fact was presented for the decision of the trier of facts, which was the trial court in this case. *Page 431 Key v. Dozier, 252 Ala. 631, 42 So.2d 254 (1949); Gamble v.Webb Quarterback Club, supra. Since an ore tenus nonjury trial was conducted before the trial court, its findings of fact are presumed to be correct upon appeal and will not be disturbed if they are supported by the evidence, or any reasonable inference thereon, unless they were palpably wrong. Drill Parts ServiceCo. v. Joy Manufacturing Co., 439 So.2d 43, 52 (Ala. 1983). "Probable cause in malicious prosecution cases can be defined as that state of facts which would lead a person of reasonable prudence to honestly believe the claims put forth in the prior suit would prevail." First Shelby National Bank v. Mitchell,supra, at 961 (citations omitted). In deciding whether probable cause existed, this court must weigh the agency's actions in light of the facts as they appeared at the time the small claims suit was filed. Gamble v. Webb Quarterback Club, supra.
While the agency may have entertained at one time the impression that Weed accepted the job, he testified that he corrected that impression by informing them on many occasions before the small claims suit was filed that he had never consented to take the job with Better Brands. Palmer did not testify. If Weed's uncontroverted testimony about the Palmer interview was accepted by the trial court, Palmer's conduct regarding the purported 5 o'clock conversation with Adkins was reprehensible and could have been given much weight in deciding the probable cause question. Additionally, the written statement from Adkins merely indicates that he was "under the impression" that Weed "wanted the job." That is a far cry from a positive statement that Weed accepted the proffered employment. In that regard Adkins testified that Weed never stated to him that he wanted the job or that he would be at work the next day, which information was undoubtedly available to the agency upon inquiry from Adkins before they filed the small claims complaint. In that respect Adkins's evidence supports Weed's contention that he did not accept the job. In short, there was sufficient evidence from which the trial court could conclude that, prior to instigating the small claims proceedings, the agency knew, or should have known, that Weed never accepted employment with Better Brands. The agency was certainly aware that, if the job was not accepted by Weed, no placement fee was due by him to the agency. Hence, there was sufficient evidence to support the trial court's conclusion that the agency lacked probable cause to bring the small claims action against Weed.
For the same reasons and based upon those same supportive facts, we also conclude that the evidence was adequate to uphold the trial court's finding of malice. A rebuttable factual presumption of malice arises from a lack of probable cause in malicious prosecution cases. First Shelby NationalBank v. Mitchell, supra. The trial court could have validly decided that the agency's evidence did not overcome that presumption.
The trial court awarded a judgment to Weed of $750. There was no direct evidence of any compensatory damage suffered by Weed by virtue of the small claims action except that, at the conclusion of the trial, the trial court inquired about and was informed that Weed's attorney's fees in defending the small claims case amounted to $200. In malicious prosecution cases, the recoverable attorney's fees are the reasonable amounts paid to the plaintiff's attorney to defend the initial action and not the actual amounts so paid. Hawkins v. Collins, 5 Ala. App. 522,59 So. 694 (Ala.Ct.App. 1912). However, we cannot ascertain from the record that the trial court included the $200 or any other particular sum for the attorney's fee in the judgment award. Both compensatory and punitive damages are allowed in malicious prosecution cases and are left to the sound discretion of the trier of facts, and the award will not be interfered with on appeal unless the amount is so excessive as to show passion or prejudice or some other improper sentiment. Key v. Dozier, supra. *Page 432 
Weed proved nominal damages at least in employing an attorney and in Weed's attendance with his counsel at the small claims court for trial. Once actual damages, even nominal damages, are established, punitive damages may be awarded if it is a proper case to do so. National Sales Insurance Co. v. Jones,393 So.2d 1361 at 1368 (Ala. 1980). Generally, however, punitive damages can be awarded in malicious prosecution cases only if there is some evidence indicating that the defendant's motivation in instituting the prior action was more than mere malice and, in that respect, a defendant's wanton disregard of the rights of the plaintiff may constitute the required degree of malice.First Shelby National Bank v. Mitchell, supra.
For the same factual reasons which have been previously detailed and discussed herein, we also determine that the evidence was sufficient to support a legitimate inference that the agency was motivated by more than mere malice when it filed the small claims action. In that regard we pay special heed to the uncontroverted sham telephone conversation which Palmer represented to be with Adkins. Consequently, the award of punitive damages was authorized by the evidence and was not excessive.
We affirm.
The court denies Weed's request under rule 38, Alabama Rules of Appellate Procedure, for double costs and damages, including his attorney's fees on appeal.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.